692 A.2d 1089

**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant,**

**v.**

**Eugene R. ALLEN, Elizabeth Ann Allen, Tammy Allen, Individually, Breanne Allen, Heath Allen, minors by their guardian, Merle S. Kramer, and Debbie Allen, Appellees.**

Supreme Court of Pennsylvania.

Argued March 6, 1997.

Decided April 23, 1997.

694

Louis C. Long and Paul R. Robinson, Pittsburgh, for General Accident Insurance Company of America.

George A. Miller and Dennis St. J. Mulvihill, Pittsburgh, for Eugene, Tammy, Breanne and Heath Allen, and Merle Kramer.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

 This is an appeal by General Accident Insurance Company of America from the per curiam order of the Superior Court quashing its appeal from an order of the Allegheny County Court of Common Pleas. For the following reasons, we reverse and remand the matter to the Superior Court for disposition of the merits of the appeal.[1]

General Accident (Appellant) issued homeowner's insurance policies covering three consecutive years beginning on December 3, 1985 to Eugene R. Allen and his wife, Elizabeth A. Allen. Each policy provided personal liability coverage in the amount of $15,000 per occurrence. The policies contained. language specifically excluding claims for bodily injury which was expected or intended by the insured.

In August 1989, a civil action was filed in the Allegheny County Court of Common Pleas against the Allens by three grandchildren for injuries suffered as a result of sexual abuse inflicted upon them by Eugene Allen. The complaint alleged that Eugene Allen had engaged in sexual acts with the grandchildren between 1986 and July 24, 1988. As to Elizabeth Allen, the complaint alleged that she was aware or should have

---

1. Subsequent to oral argument in this case, a motion to dismiss the appeal for mootness was filed on behalf of Tammy Allen, Breanne Allen, and Heath Allen. The movants assert that the appeal should be dismissed because General Accident has already incurred and paid all of the defense costs of Eugene Allen and Elizabeth Allen with respect to the litigation of the underlying action and the appeals taken in the underlying action. Since the appeals by Eugene Allen and Elizabeth Allen in the underlying action have been exhausted, they argue that further review in this case is unnecessary as only General Accident's duty to defend is at issue. We do not find the issue to be as limited as the movants suggest for the reasons addressed herein. Furthermore, as often happens, at the time the trial court decided the declaratory judgment action, the underlying action was not fully resolved. Thus, the issues raised in this appeal are capable of repetition and likely to elude appellate review. *Erie Insurance Exchange v. Claypoole*, 449 Pa.Super. 142, 673 A.2d 348 (1996).

been aware of her husband's conduct and that she failed to protect the grandchildren.[2]

General Accident undertook the legal defense of the civil action subject to a reservation of rights. In a letter dated July 26, 1990, the Allens were apprised by a claims manager for General Accident of its position that the homeowner's insurance policies might not provide coverage for the claims asserted in the civil action. The letter informed them that General Accident intended to file a declaratory judgment action for the purpose of determining the coverage under the policies with respect to the civil action.

General Accident filed this action for declaratory relief pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541 on August 15, 1990, seeking a determination of its duties under the policies. As required under 42 Pa.C.S. § 7540, General Accident named the Allens, the children, and the children's mother as their natural guardian as parties whose interests would be affected by the declaratory judgment action.[3] General Accident sought a declaration that it had no duty to defend or indemnify the Allens with respect to the civil action filed by the children. General Accident requested alternatively that if a determination was made that the policies afforded coverage for the claims against the Allens, the obligation to indemnify was limited to the sum of $25,000 per claimant per policy regardless of the number of insureds or claims made.

The underlying civil action proceeded to trial before a jury prior to disposition of the declaratory judgment action. The

2. Prior to the filing of the complaint, Eugene Allen was convicted of criminal offenses involving the sexual abuse of the grandchildren as well as other children. He was sentenced to an aggregate term of imprisonment of not less than fifty years nor more than one hundred years on the various convictions. The judgment of sentence was affirmed by per curiam order of the Superior Court. *Commonwealth v. Allen*, 408 Pa.Super. 643, 588 A.2d 557 (1990), allocatur denied, 528 Pa. 606, 596 A.2d 153 (1991).

3. On March 20, 1992, the common pleas court entered an order directing that Merle Kramer, Esq. be substituted as guardian ad litem for two of the children. The third child had attained the age of majority.

civil action was tried in September 1992, resulting in a jury verdict in favor of the children against the Allens and the children's mother, who had been joined as an additional defendant.[4] Subsequently, General Accident and the children filed cross-motions for summary judgment in the declaratory judgment action.

In its summary judgment motion, General Accident requested the common pleas court to decide as a matter of law that the complaint in the underlying civil action did not give rise to a duty to defend under the homeowner's insurance policies. General Accident asserted that the policies contained an intentional act exclusion which precluded personal liability coverage for any bodily injury expected or intended by the insured, and that the exclusion applied to injuries caused by sexual abuse.

In the event that the common pleas court interpreted the policy as providing coverage for claims of sexual abuse, General Accident requested that the court enter an order declaring that the injuries resulted from a single occurrence. General Accident contended that a limitation of liability clause contained in the policies necessitated a determination that one occurrence per child existed under the policies regardless of the number of incidents of sexual abuse.[5] Finally, General Accident requested a determination that the punitive damage

**4.** The judgment entered against Eugene Allen was affirmed by the Superior Court in an unpublished memorandum decision. See, *Allen v. Allen*, 441 Pa.Super. 663, 657 A.2d 45 (1994). Eugene Allen's petition for allowance of appeal was denied by this Court on July 21, 1995, and his petition for reconsideration was also denied on August 25, 1995. On January 16, 1996, the United States Supreme Court denied his petition for certiorari. *Allen v. Allen*, — U.S. —, 116 S.Ct. 777, 133 L.Ed.2d 729 (1996).

On appeal by Elizabeth Allen, the Superior Court reversed the judgment and entered judgment n.o.v. in her favor. See, *T.A. v. Allen*, 447 Pa.Super. 302, 669 A.2d 360 (1995), allocatur denied, 544 Pa. 661, 676 A.2d 1201 (1996). Elizabeth Allen's petition for allowance of appeal was denied on May 13, 1996.

**5.** The limitation of liability clause referred to stated that "All bodily injury and property damage resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one occurrence."

claim of the children was not within the coverage of the policies.

The summary judgment motion filed on behalf of the children asserted that special interrogatories presented to the jury in the civil action indicated that the jury had determined that Eugene Allen was liable for negligent infliction of emotional distress and that Elizabeth Allen was liable for negligent conduct found to be a substantial factor in bringing about the harm done to the children. The motion stated that as a result of the jury's determination, the insurance policies afforded coverage to the Allens. It was further asserted that the conduct of Eugene Allen amounted to multiple occurrences as it occurred over a three year period and constituted separate and distinct events.

On August 15, 1994, the common pleas court granted General Accident's motion for summary judgment in part with respect to the punitive damages claim in the children's civil action and the allegations of intentional acts performed by Eugené Allen, but denied summary judgment as to the allegations of negligent acts performed by the Allens. The court also granted the children's summary judgment motion, finding that General Accident had a duty to defend with respect to the negligence allegations made against the Allens. In addition, the court concluded that the incidents of sexual abuse constituted multiple occurrences thereby triggering coverage under all three policies.

The accompanying memorandum filed by the court addressed General Accident's argument that all claims against Eugene Allen necessarily arose from his intentional sexual molestation of the children. The court rejected this argument based upon the jury's finding in the civil action that Eugene Allen had engaged in negligent conduct that "[could] be said to have transcended the allegations of sexual abuse perpetrated by [him]." As to Elizabeth Allen, the court emphasized the fact that the jury had found her negligent for failing to keep her property safe for the children and for failing to apprise

them of the danger her husband posed to them.[6] General Accident filed a notice of appeal from the court's order. On March 29, 1995, a motion to quash the appeal was filed on behalf of the children. The motion asserted that the common pleas court's order disposing of the cross-motions for summary judgment was not a final order as defined by Pa.R.A.P. 341.[7] It was alleged that the order was interlocutory and that General Accident had not requested permission to appeal. General Accident answered the motion to quash asserting that the order was a final appealable order. Alternatively, General Accident contended that the order was an appealable collateral order as defined by Pa.R.A.P. 313, for which there is no requirement that permission to appeal be granted.[8]

On June 6, 1995, the Superior Court entered a per curiam order granting the motion to quash the appeal. No opinion was issued by the court. General Accident then filed a petition for allowance of appeal. On November 8, 1995, we

6. Although the issue is not before us, we note that in *T.A. v. Allen,* supra, the Superior Court held that Elizabeth Allen had no duty to control her husband's conduct so as to protect the children whom he invited to visit, and reversed the judgment against her. The court held that the decision was controlled by the legal principle stated in Section 315 of the Restatement (Second) of Torts that there is no duty to control the conduct of a third person to prevent physical harm to another person unless a special relationship exists between the actor and the third person or the actor and the person injured. Since the children were not the grandchildren of Elizabeth Allen herself, the court found that they had failed to prove a special relationship that would create an exception to the general rule. The court rejected the notion that liability could be imposed upon her merely because she was a co-owner of the building in which the sexual abuse occurred.

7. Pursuant to Pa.R.A.P. 341(a), an appeal may be taken as of right from any final order of an administrative agency or lower court. A final order is any order that (1) disposes of all claims or all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order in an action when more than one claim for relief is presented. Pa.R.A.P. 341(b).

8. Pa.R.A.P. 313 provides that an appeal may be taken as of right from a collateral order of an administrative agency or lower court. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

granted allocatur limited to the question of "whether a trial court's determination of an insurer's duty to defend is appealable, particularly where the trial court had not yet determined the insurer's duty of indemnification." [9] After consideration of the briefs and argument of the parties, we conclude that the Superior Court erred in quashing the appeal.

"The purpose of the Declaratory Judgments Act is 'to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations....' " *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 88, 444 A.2d 1154, 1159 (1982), citing 42 Pa.C.S. § 7541. General Accident brought this declaratory judgment action for a determination of whether the homeowner's insurance policies issued to the Allens afforded coverage for the injuries claimed by the children arising from the sexual abuse to which Eugene Allen subjected them. General Accident's position was that the policies did not provide coverage for claims of sexual abuse because the language of the policies specifically excluded intentional acts that cause bodily injury to another. The focus of the dispute was whether sexual abuse committed by Eugene Allen was to be considered as intentional conduct for which no insurance coverage existed.

The task of interpreting a contract of insurance is generally performed by the court. "The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument." *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 305, 469 A.2d 563, 566 (1983).

General Accident asserted that the policies should be interpreted as excluding the children's claims against the Allens from coverage, while the children argued for an interpretation of the policies that would provide coverage for bodily injuries

9. The issue as framed may be read to unfairly suggest that the appealability of the common pleas court's order granting summary judgment to the children as to General Accident's duty to defend is dependent upon whether a determination had also been made as to its duty to indemnify. To eliminate any confusion, we emphasize at the outset of our discussion that the timing of the appeal is not determinative of the issue before us.

resulting from sexual abuse. The interpretation of the language of the policies as providing or excluding coverage for such claims would necessarily determine whether General Accident had a duty to defend the Allens in the civil action brought on behalf of the children.

The policies provided, in relevant part, that

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

 a. pay up to our limit of liability for the damages for which the insured is legally liable; and

 b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

Pursuant to the terms of the policies, General Accident's duties were limited to claims made only for bodily injury or property damage to which the insurance coverage applied. Therefore, General Accident would be obligated to defend the Allens in the civil action only if the claim was within the coverage provided by the policy. The obligation to defend would not arise simply because the Allens were sued.

In *Warner v. Employers' Liability Assurance Corporation,* 390 Pa. 62, 133 A.2d 231 (1957), the appellants brought an action against their liability insurer to recover the costs of successfully defending a lawsuit which the insurer had declined to defend because the loss was not covered by the indemnity policy. The trial court had entered judgment on the pleadings in favor of the insurer. We affirmed the judgment on the basis that the indemnity policy specifically excluded coverage for the claim that had been made in the underlying lawsuit brought against the appellants.

We concluded that it was a necessary prerequisite to recovery under an insurance policy for the insured to show a claim within the coverage provided by the policy. The appellants

had argued that the insurer had a duty to defend even if the lawsuit was groundless, false, or fraudulent. We rejected this argument, stating

> Appellants further contend that appellee was under a duty to defend by the provision that the insurer would defend "even if such suit is groundless, false or fraudulent." But this applies only **"as respects insurance afforded by this policy."** It does not require defense of **any** suit brought, but only suits involving **claims within the scope of the policy,** even though these be groundless, false or fraudulent. In the instant case, there is no question that the claim is founded upon a matter which came within the provision **excluding** the duty of appellee to defend.

390 Pa. at 66–67, 133 A.2d at 233 (emphasis supplied).

We addressed a similar issue in *Wilson v. Maryland Casualty Co.*, 377 Pa. 588, 105 A.2d 304 (1954). Wilson, the operator of a restaurant and taproom, was sued by an individual who had been injured in an altercation involving patrons of his business. The trespass action had alleged that the injuries were sustained when Wilson violently assaulted the plaintiff and struck him with a blackjack. The insurer refused to defend the trespass action based on a provision of the policy which excluded assault and battery committed by or at the direction of the insured from coverage for bodily injuries caused by accident.

Wilson brought an action against the insurer to recover the amount paid to settle the trespass action. Preliminary objections filed by the insurer were overruled. Judgment was entered in Wilson's favor after the insurer failed to file an answer as directed. The Superior Court affirmed.

We reversed the judgment, rejecting Wilson's argument that the insurer was obliged to defend him because he had asserted that the claim against him for assault and battery was groundless. We stated,

> It is obvious that the Company's obligation was not to defend all suits and claims whatsoever merely because they were groundless, but to defend all suits and claims **covered**

**by the policy whether or not** they were groundless. In other words, a cause of action was not insured **because** of its being false, but **was** insured **if covered by the policy, whether or not it was false.** The question is not as to the truth or falsity of a claim, but whether it is covered by the policy; if it is, the Company must defend it; if it is not, its truth or falsity is wholly immaterial.

377 Pa. at 592, 105 A.2d at 306. "[T]he obligation to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action, and ... the company is not required to defend if it would not be bound to indemnify the insured even though the claim against him should prevail in that action." *Id.* at 595, 105 A.2d at 307 (citation omitted). See also, *Aetna Casualty and Surety Company v. Roe*, 437 Pa.Super. 414, 650 A.2d 94 (1994), and cases cited therein.

█ Thus, the insurer's duty to defend is limited to only those claims covered by the policy. In this case, the common pleas court determined that negligence claims made by the children against the Allens were covered by the homeowner's insurance policies. The court rejected General Accident's assertion that the policies' exclusion for claims of bodily injury which is expected or intended by the insured precluded coverage. The grant of summary judgment in favor of the children with respect to General Accident's duty to defend necessarily was based on the court's determination that as a matter of law the claims made against the Allens were covered by the policies. Furthermore, the court found as a matter of law that the incidents of sexual abuse constituted multiple occurrences under the terms of the policies.

The court's order was a final determination as to the legal rights and obligations of the parties arising under the policies. The scope of the coverage afforded under the policies and the application of the exclusionary language therein were issues resolved by the order entered in this declaratory judgment action. The order, which effectively disposed of all the claims

presented by the parties in this action, was a final appealable order pursuant to Pa. R.A.P. 341.

Pa.R.A.P. 341 provides, in relevant part, as follows:

(a) General Rule. Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) Definition of Final Order. A final order is any order that:

(1) disposes of all claims or of all parties; or

(2) any order that is expressly defined as a final order by statute;....

Thus, an order is final and appealable if it disposes of all claims *or* if a statute expressly defines it as final. As discussed below, the present declaratory judgment action has produced an order that disposes of all claims and is expressly defined as final by statute.

The Declaratory Judgments Act provides, in part, as follows:

§ 7532. General scope of declaratory remedy

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532. The Act further provides:

§ 7533. Construction of documents

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise,

and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S. § 7533.

■■■ The Declaratory Judgments Act may be invoked to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or a duty to indemnify a party making a claim under the policy. *Liberty Mutual Insurance Company v. S.G.S. Company*, 456 Pa. 94, 318 A.2d 906 (1974); *Redevelopment Authority of Cambria County v. International Insurance Company*, 454 Pa.Super. 374, 685 A.2d 581 (1996). A court's first step in a declaratory judgment action concerning insurance coverage is to determine the scope of the policy's coverage. *Lucker Manufacturing v. Home Insurance Company*, 23 F.3d 808 (3d Cir.1994); *see also Erie Insurance Exchange v. Transamerica Insurance Company*, 516 Pa. 574, 533 A.2d 1363 (1987). After determining the scope of coverage, the court must examine the complaint in the underlying action to ascertain if it triggers coverage. If the complaint against the insured avers facts that would support a recovery covered by the policy, then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover. The duty to defend also carries with it a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy. *Pacific Indemnity Company v. Linn*, 766 F.2d 754 (3d Cir.1985). Although the duty to defend is separate from and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage.

■■ In the present case, the trial court's order declared that General Accident had a duty to defend the Allens in the underlying lawsuit. Pursuant to 42 Pa.C.S. § 7532, this affirmative declaration of General Accident's duty has the force and effect of a final judgment. 42 Pa.C.S. § 7532; *see also Redevelopment Authority*. Because the trial court's order is expressly defined as final by 42 Pa.C.S § 7532, General Acci-

dent may appeal the order as of right pursuant to Pa.R.A.P. 341(b)(2), which permits an appeal as of right from any order that is expressly defined as a final order by statute.

Additionally, the trial court's order is final pursuant to Pa.R.A.P. 341(b)(1) because it resolves all claims in the declaratory judgment action. The Allens argue, however, that the trial court has not disposed of all claims because the court cannot determine the duty to indemnify until the underlying action is fully resolved, including the exhaustion of all appeals. The question before a court in a declaratory judgment action is not whether the insurer owes *indemnification* in a specific amount, which would be a premature inquiry absent a full resolution of the underlying action. Instead, the question is whether the insurer has a *duty* to indemnify the insured *in the event of* liability in the underlying action. A court can answer such a question because it is within the scope of a court's power pursuant to the Declaratory Judgments Act. 42 Pa.C.S. § 7532 (courts have the power to declare rights, status and other legal relations whether or not further relief is or could be requested). Indeed, the Superior Court has held that the duty to defend *and* the duty to indemnify may be resolved in a declaratory judgment action. *Claypoole* (duty to defend and duty to indemnify may be resolved in declaratory judgment action); *Harleysville Mutual Insurance Company v. Madison*, 415 Pa.Super. 361, 609 A.2d 564 (1992) (insurer can seek determination of obligations to insured before conclusion of underlying action); *see also, Uguccioni v. United States Fidelity & Guaranty Company*, 408 Pa.Super. 511, 597 A.2d 149 (1991).

Here, the trial court determined that the underlying complaint against the Allens triggered coverage. In reaching this conclusion, the trial court necessarily determined also that General Accident had a duty to defend the Allens, and a duty to indemnify the Allens in the event they were held liable for the claims covered by the policy. Thus, the trial court's determination that the underlying complaint triggered coverage disposed of all remaining claims in the declaratory judg-

ment action, making the order final and appealable pursuant to Pa.R.A.P. 341(b)(1).

Since the Superior Court quashed the appeal of General Accident, the merits of the appeal were not addressed.[10] We now reverse the order of the Superior Court and remand for disposition of the merits of the appeal. The Motion to Dismiss Appeal filed on behalf of Tammy Allen, Breanne Allen, and Heath Allen is denied.

NIX, Former C.J., did not participate in the consideration or decision of this case.

NIGRO, J., concurs in the result.

---

**10.** We note that subsequent to oral argument in this case, the Superior Court issued a unanimous en banc decision in *Erie Insurance Exchange v. Claypoole et al.*, 449 Pa.Super. 142, 673 A.2d 348 (1996), which held that injuries resulting from sexual assault committed on children in cases of sexual molestation are intentional as a matter of law. The court rejected an argument that such acts could be considered as negligence, stating "To hold otherwise would be the equivalent of characterizing the sexual molestation of children as a negligent act caused by being in the wrong place at the wrong time instead of characterizing it as an intentional act resulting from the repugnant conduct of the molester." 449 Pa.Super. at 158, 673 A.2d at 356. The court refused to impose a duty to defend upon an insurer for such conduct under an automobile insurance policy that contained exclusionary language similar to that contained in General Accident's policy.