

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# Prudential Prop v. Boyle

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Prudential Prop v. Boyle" (2008). *2008 Decisions*. Paper 23.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/23

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-3930

———

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY

v.

JOSEPH J. BOYLE; JEANNE BOYLE; JOHAN E. SIGGE; PERNILLA M.C. SIGG;
MICHAEL BOWN; VALUE GUARD USA, INC; FOX & ROACH LP;
FOX & ROACH/TRIDENT CORPORATION; HOMESSENTIALS LP

JOSEPH J. BOYLE AND JEANNE BOYLE,
*Appellants*

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-00506)
District Judge: Honorable Robert F. Kelly

———

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2008

Before: SLOVITER, STAPLETON, and TASHIMA,[*] *Circuit Judges*

(Filed: December 31, 2008)

———

OPINION

———

————————————

[*] Honorable A. Wallace Tashima, Senior Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, *Circuit Judge*.

Prudential Property and Casualty Insurance Company ("Prudential") brought this action against its insureds, Joseph and Jeanne Boyle (the "Boyles") for a declaratory judgment that it had no duty to defend or indemnify the Boyles in an underlying lawsuit related to the sale of their home. The District Court granted summary judgment to Prudential and the Boyles appeal.

**I.**

The Boyles built a house in 1995 on property they owned in Kenneth Square, Pennsylvania. In 2003, they sold the property to Mr. and Mrs. Sigge. After moving in, the Sigges discovered substantial rot inside the exterior cedar siding of the house and defects in the roof and windows. In 2004, they commenced an action against several defendants, including the Boyles.

The Sigges alleged several claims against the Boyles, including in Count IV, breach of an implied warranty of habitability and fitness. The Boyles tendered defense of the action to Prudential under their homeowner's policy, which provided that Prudential would defend the Boyles, and pay any resulting damages, if a "a claim is made or suit is brought against an insured for damages because of bodily injury, including personal injury, or property damage caused by an occurrence to which this coverage applies." The policy defines "occurrence" as:

> a loss or accident including continuous or repeated exposures to substantially the same harmful conditions, even though separated in time or spatial distance, which

results during the policy period in:

a. bodily injury; or
b. property damage.

Occurrence does not include negligent misrepresentations or omissions of any nature or kind in the sale of real or personal property.

The policy does not define "loss." It defines "accident" as "an unintended, undesigned, sudden, and unexpected covered event." It defines property damage as "physical damage to or destruction of tangible property, including loss of use of tangible property resulting from its physical damage or destruction."

Prudential denied the requested defense. Instead, it commenced this action for a declaratory judgment that it was not obligated to defend or indemnify the Boyles. The Sigge action was then settled for $140,000, with the Boyles contributing $20,000 to the settlement. The Boyles then filed a counterclaim against Prudential for breach of contract and bad faith in Prudential's refusal to defend them, seeking $20,000 in indemnification and $48,622 in defense costs in defending the Sigge action.

The District Court granted summary judgment to Prudential. It concluded that the Count IV claim for breach of an implied warranty of habitability was not a claim for "a loss, accident, or occurrence that was intended to trigger coverage."[1] The Boyles appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have

---

[1] The District Court also denied reconsideration.

jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). The interpretation of an insurance contract issued in Pennsylvania is governed by Pennsylvania law. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 745-46 (3d Cir. 1999).

### III.

An insurer's duty to defend a third-party complaint turns on whether the allegations of the complaint trigger coverage. *Gen. Accident Ins. Co. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997). To make this determination, a court should "ascertain the scope of the insurance coverage and then analyze the allegations in the complaint." *Redevelopment Auth. v. Int'l Ins. Co.*, 685 A.2d 581, 589 (Pa. Super. Ct. 1996) (citation and internal quotation marks omitted). An insurer's duty to defend arises whenever the allegations of the complaint potentially fall within the policy's coverage. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 813 (3d Cir. 1994).

The Boyles contend that Count IV of the Sigge complaint triggers coverage because, applying the language and definitions of the Prudential homeowner's policy, it is a claim for "property damage caused by . . . a loss or accident . . . not includ[ing] negligent misrepresentations or omissions of any kind in the sale of real or personal property." We disagree.

It is not disputed that the breach of an implied warranty of habitability does not constitute an "accident" as defined in the Prudential policy. *See Redevelopment Auth.*,

4

685 A.2d at 589 (noting that a claim that "arises out of a breach of contract" is "not an accident"). The Boyles seem to concede as much.

Rather, the Boyles contend that Count IV represents a claim for a "loss," and losses are "obviously far broader than mere accidents." The Prudential policy does not, however, cover losses *per se*, but rather "property damage *caused by* . . . a loss" (emphasis added). Count IV of the Sigge complaint does not allege property damage caused by a loss. It alleges the "loss of the benefit of the bargain" when the Sigges purchased an uninhabitable home from the Boyles. The gravamen of the complaint is the contractual breach that occurred at the moment of sale – not the property damage that occurred years earlier.

This conclusion is consistent with Pennsylvania law on the implied warranty of habitability, which holds that the measure of damages for its breach is the "difference between the market value of the house as constructed and the market value that the house would have had if constructed as promised." *Gadbois v. Leb-Co Builders, Inc.*, 458 A.2d 555, 559 (Pa. Super. Ct. 1983). In other words, the injury is one of economic loss on the contract, not damage to tangible property.

Finally, other courts have squarely held that a claim for misrepresentation in the sale of property – an action similar to that for a breach of implied warranty – does not constitute a claim for "property damage" as defined in the typical homeowner's policy. *See, e.g., Safeco Ins. Co. v. Andrews*, 915 F.2d 500, 502 (9th Cir. 1990) (noting that

5

claims for negligent misrepresentation "do not expose [the defendant] to liability for any damage to tangible property, but rather for economic loss resulting from [the defendant's] alleged failure to discover and disclose facts relevant to the property's value and desirability"); *State Farm Fire & Cas. Co. v. Brewer*, 914 F. Supp. 140, 142 (S.D. Miss. 1996) (noting that the case law is "virtually unanimous" that damages flowing from misrepresentation "have no basis in property damage" but are "economic and contractual in nature") (collecting examples).

Because the claim for breach of an implied warranty of habitability is not a claim for "property damage caused by . . . a loss," Count IV of the Sigge complaint did not trigger coverage; consequently, Prudential had no duty to defend the Boyles. It follows that Prudential had no duty to indemnify the Boyles. *See Pac. Indem. Co. v. Linn*, 590 F. Supp. 643, 651 (E.D. Pa. 1984). It also follows that the Boyles' counterclaims for breach of contract and bad faith fail as a matter of law because they cannot survive a determination that the insurer had no duty to defend. *See Frog, Switch & Mfg. Co.*, 193 F.3d at 751 n.9.[2]

---

[2] The Boyles also contend that this case should be remanded to the District Court because Prudential failed to comply with a discovery request for copies of insurance agreement for prior years. The Boyles did not raise this issue in response to Prudential's motion for summary judgment or in any subsequent filings in the District Court. Consequently, they have waived this argument. *See New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 n.10 (3rd Cir. 1997) ("New Castle waived its discovery rule argument by failing to raise it before the magistrate judge or the district court in the first instance."). Regardless, the issue does not affect how to construe the language of the operative policy.

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court.