J-A03022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERICA SCHUBACK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AROUND THE WORLD TRAVEL, ERIE | : | |
| INSURANCE EXCHANGE, | : | |
| NATIONWIDE PROPERTY AND | : | No. 779 MDA 2020 |
| CASUALTY INSURANCE COMPANY, | : | |
| PATRICIA CATALANO AND MICHAEL | : | |
| CATALANO | : | |
| | : | |
| | : | |
| APPEAL OF: ERIE INSURANCE | : | |
| EXCHANGE | : | |

Appeal from the Order Entered April 30, 2020,
in the Court of Common Pleas of Lackawanna County,
Civil Division at No(s):  19-CV-2704.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JULY 01, 2021**

In this declaratory judgment action, Erica Schuback asked the trial court to declare that Erie Insurance Exchange had a duty to defend and indemnify her in a separate lawsuit involving a personal injury action filed against her by Patricia and Michael Catalano.  The trial court determined that the allegations in the Catalanos' complaint were sufficient to trigger Erie's duty to defend Schuback in that case.  Accordingly, the trial court granted Schuback's motion for summary judgment in the declaratory judgment action.  Erie appealed.  Upon review, we affirm.

The incident giving rise to the underlying tort action are as follow: Mrs. Catalano purchased a ticket for a wine tour excursion from Around the World Travel. The tour involved a bus trip from northeastern Pennsylvania to New York. AJ Limo Coach provided transportation services for Around the World Travel.

During the tour, Schuback stood up from her seat while the bus was moving and began walking down the aisle. Suddenly, the bus swerved, and Schuback fell into Mrs. Catalano. Shuback's elbow hit Mrs. Catalono in the right eye, allegedly causing serious injuries.

The Catalanos filed a personal injury action and named Erica Schuback, Around the World Travel, and AJ Limo Coach as defendants. In their complaint, the Catalanos alleged, in relevant part, the following:

> 8. At all times material hereto, the Defendant, Erica Schuback was an employee, agent, servant or workman of the Defendant, Around the World Travel and was responsible for organizing, promoting and effectuating a tour more fully explained hereafter.
>
> 9. At all times material hereto, the Defendant, Around the World Travel was a commercial business involved in the conduct, sale and promotion of various tours, vacations nd trips an in articular that which is the subject matter of this action.
>
> * * *
>
> 14. During the [course] of the bus trip, while the bus was traveling on Interstate 81 North in Lackawanna County, the Defendant, Erica Schuback, while acting in the course and scope of her agency or employment with the Defendant, Around the World Travel, got up from her seat in the forward portion of the bus and began walking down the center aisle when she suddenly, and without warning fell toward Patricia Catalano striking her right eye with

her elbow and causing Patricia Catalano severe, permanent and catastrophic injuries as more particularly described hereinafter.

Around the World Travel had an insurance policy with Erie. The policy provided general liability coverage to employees of Around the World Travel. In pertinent part, Section I "Coverages" stated:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"... to which this insurance does not apply.

Additionally, Section II of the policy defined "Who Is an Insured?" which provided in pertinent part:

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, ***or your "employees"***, other than either your "executive officers" (if you are an organization, other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), ***but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.***

(emphasis added). Lastly, Section V of the policy "Definitions" stated the following:

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you.

Schuback notified Erie that she had been named as a defendant in the Catalanos' lawsuit. She requested that Erie and Around the World Travel defend and indemnify her pursuant to the policy, claiming that she was an employee of Around the World Travel. Erie responded stating it determined that Schuback was an "independent contractor" and refused to defend her in the Catalanos' lawsuit.

Schuback filed this declaratory judgment action seeking a determination that Erie was obligated to defend and indemnify her. Schuback filed a motion for summary judgment seeking a declaration that Erie owed Schuback a duty to defend and indemnify her in the personal injury action. The trial court granted Schuback's motion.

Erie filed this timely appeal. The trial court and Erie complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Erie raises two issues for our consideration:[1]

1. Did the trial court improperly grant Schuback's motion for summary judgment without letting Erie take additional discovery to establish a complete record, and when the record viewed in the light most favorable to Erie showed that Schuback was an independent contractor?

2. Did the trial court incorrectly order Erie to defend Schuback in the Catalano suit without first considering whether she met her burden of proving that she is an "insured" under the Erie policy issued to Around the World?

Erie's Brief at 7.

Erie claims that the trial court erred in granting summary judgment in favor of Schuback. Our scope and standard of review for appellate review of a motion for summary judgment is as follows:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*QBE Ins. Corp. v. M & S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007), *appeal denied,* 956 A.2d 436 (2008) (quoting *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001)).

_____

[1] For ease of disposition, we have reordered Erie's issues.

Here, the trial court granted Shuback's motion for summary judgment, because it determined that Erie owed Schuback a duty to defend in the personal injury action. Our jurisprudence regarding an insurer's duty to defend is well-established. Initially, we observe that an insurer's duty to defend is broader than its duty to indemnify. ***Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.***, 908 A.2d 888, 896 n.7 (Pa. 2006). The duty to defend is triggered "if the factual allegations of the complaint **on its face** encompass an injury that is actually or **potentially** within the scope of the policy." ***Babcock & Wilcox Co. v. American Nuclear Insurers***, 131 A.3d 445, 456 (Pa. 2015) (internal quotation and citation omitted) (emphasis added). An inquiry into whether a loss is within policy coverage is a question of law and may be decided by motion for summary judgment. ***See D'Auria v. Zurich Ins. Co.,*** 507 A.2d 857 (Pa. Super. 1986)*; **Patterson v. Reliance Ins. Co.,*** 481 A.2d 947 (Pa. Super. 1984).

Whether a claim is "potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint." ***General Acc. Ins. Co. of America v. Allen***, 692 A.2d 1089, 1095 (Pa. 1997). The truth of the complaint's allegations is not at issue when determining whether there is a duty to defend; the allegations are to be "taken as true and liberally construed in favor of the insured." ***American and Foreign Ins. Co.*** v. ***Jerry's Sport Ctr. Inc.***, 2 A.3d 526, 541 (Pa. 2010) (internal quotation and citation omitted).

Moreover, to the extent there are undetermined facts that might impact coverage, the insurer has a duty to defend until the "claim is narrowed to one patently outside the policy coverage," for example through discovery. ***Mace v. Atlantic Refining Marketing Corp.,*** 785 A.2d 491, 500 (Pa. 2001) (Saylor, J., dissenting). And, if any doubt or ambiguity exists, it must be resolved in favor of coverage. ***Jerry's Sports Ctr. supra***. With these principles in mind, we review Erie's appeal.

In its first issue, Erie claims that the trial court erred in concluding that Schuback was an insured solely based upon the facts alleged in the complaint. The court did not consider other evidence from the personal injury action that shows, at least, a factual dispute exists about whether Schuback was an independent contractor or employee thereby precluding summary judgment. Erie further maintains that it should have been allowed to conduct discovery in this case to determine Schuback's true status, and ultimately whether she is an insured under the policy. Erie's Brief at 18, 37.

As discussed above, the rules for determining an insurer's duty to defend are clear. An insurer's obligation to defend an action is to be determined solely by the allegations of the complaint in that action. ***Kvaerner***, 908 A.2d at 896 (citing ***Wilson v. Maryland Casualty Co.***, 10 A.2d 304, 307 (Pa. 1954). Looking beyond the allegations of the complaint in the underlying action is prohibited and constitutes reversible error. ***See id***. Additionally, the allegations of the complaint are to be taken as true and are not subject to verification via the usual discovery procedures.

Here, the trial court recognized these rules and properly limited its consideration for determining Erie's duty to defend to the allegations of the Catalanos' complaint in the underlying personal injury action. Consequently, no discovery was necessary. Indeed, had the trial court based its decision on any extrinsic evidence, such as the deposition of the owner of Around the World Travel, it would have constituted reversible error. We therefore conclude that the trial court did not err by considering only the Catalano's complaint to determine Erie's obligation to defend Schuback.

In its second issue, Erie claims that the trial court erred in concluding that Erie owed Schuback a duty to defend her in the underlying personal injury case because it claimed Schuback was not an insured. If the defendant is an insured, and if the claim potentially comes within the policy, then Erie owes a defense. Erie maintains, however, that the person seeking coverage under an insurance policy must establish that he/she is, in fact, an insured under that policy. In other words, Erie believes Schuback had to show she was an insured as a condition precedent to coverage. Because Schuback did not prove that she was an insured, Erie claims it does not owe a duty to defend her. Erie's Brief at 18, 21.

We decline to adopt Erie's argument.

First, requiring a defendant in a lawsuit to *prove* its insured status would constitute a complete departure from the above cited legal principles. Again, a court is limited to considering the allegations of the complaint to determine an insurer's duty to defend. The truth of a complaint's allegations

is not considered in determining an insurer's duty to defend. An insurer must provide a defense until any undetermined facts, which might affect coverage, are resolved. Erie cites no binding precedent to support its argument otherwise.

As noted above, the duty to defend in a lawsuit is broader than the duty to indemnify. An insurance company's duty to defend is based on the nature of the claim alleged and the *potential* for coverage. An insurance company's duty to indemnify is only triggered once the insured shows the relevant policy covers him and the incident in question. To require an insured to prove his or her coverage status at the outset of a claim could result in a second declaratory judgment action, like this one, for every personal injury action filed. This would stall an already overburdened court system. Focusing only on the allegations of the complaint to determine the duty to defend allows the parties and the courts to address more quickly the merits of the underlying dispute. It provides legal assistance to defendants who may be unable to defend themselves, and it requires the insurance company to be involved in and properly defend the underlying claim from the outset. If an injured plaintiff cannot establish liability, causation and damages in the first instance, then the question of indemnification coverage may never arise.

We recognize that this rule effectively allows a litigant who is not a party to the insurance contract to control whether there is a duty to provide a defense to certain individuals, but we decline to change the rule in the manner Erie suggests. The common law and our Supreme Court have long ago

established this process for the handling of commercial and personal liability claims, and to change it would be beyond the purview of this Court.

Applying the rule to this case, when we compare the four corners of the complaint to the four corners of the insurance policy, the complaint potentially implicates coverage on behalf of Schuback. The Catalanos alleged Schuback was acting as an employee of Around the World Travel in their Complaint.[2] They further asserted that Mrs. Catalano purchased a ticket for a wine tour offered by Around the World Travel and conducted by Schuback. Additionally, they alleged that Schuback was responsible for organizing, promoting and effectuating that wine tour for Around the World Travel. They also alleged that Around the World Travel was in the business of conducting such tours. Taking these allegations as true, and applying the language of Erie's policy, which provides coverage for an "employee" of around the world Travel, the trial court found that Erie had a duty to defend Schuback in the Catalanos' lawsuit.

Based upon the foregoing, we conclude that the trial court did not commit an error of law or abuse of discretion in granting Schuback's motion for summary judgment, when it concluded that Erie had a duty to defend Schuback in the personal injury lawsuit.

_____

[2] Erie argues that this is a legal conclusion that the trial court erroneously considered. For purposes of this action, we view the employment claim as an issue of fact, the veracity of which remains to be determined.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2021