J-A24003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DN CONSTRUCTION LLC, AND DN CONSTRUCTION COMPANY, LLC | : | No. 394 EDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered January 11, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170803465

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                  **FILED JANUARY 5, 2022**

DN Construction, LLC, and DN Construction Company, LLC (collectively, DN), appeal from the judgment entered in the Court of Common Pleas of Philadelphia County on January 11, 2021.  After careful review, we quash.

The trial court set forth the facts of the case as follows:

Plaintiff, Frederick Mutual Insurance Company ("FMIC"), filed the above-captioned lawsuit to determine whether it was obligated to defend and/or indemnify [] DN [] in connection with an underlying wrongful death lawsuit,[1] in which DN was named as a defendant.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The underlying lawsuit, ***Martinez, et al. v. Deca Construction, Inc., et al.***, Court of Common Pleas of Philadelphia County, January Term, 2017, No. 1835, is a wrongful death action filed on behalf of Luis Armando Giminez Matute.  The complaint alleges that Matute died on January 21, 2015, when he fell off the side of the building while performing framing work on the third

*(Footnote Continued Next Page)*

DN tendered its defense to FMIC in that underlying suit, alleging it was owed coverage as an additional insured on a policy[2] ("Reobote Policy") issued by FMIC to Reobote Construction, LLC ("Reobote")[.]  FMIC denied it owed coverage to DN and filed this lawsuit seeking a judgment declaring the same.

At the close of pleadings, FMIC filed a motion for judgment on the pleadings, which th[e] court granted in part and denied in part in an order issued on April 2, 2018.  In that order, the Reobote [P]olicy was determined to be an excess policy, meaning no coverage would be owed [to DN] until all of DN's "other available insurance is exhausted."  **See** [] Order, [4/2/18.]  The order further determined that punitive damages are not covered by the Reobote [P]olicy.

Trial Court Opinion, 5/18/18, at 1.

On May 1, 2018, DN filed a notice of appeal.  On May 29, 2018, FMIC filed a motion to quash the appeal.  On October 3, 2018, a panel of this Court quashed DN's appeal because the trial court's order, from which DN purportedly appealed, was interlocutory, **see** Pa.R.A.P. 341, since:

[FMIC] requested that the court determine whether [DN] is an additional insured under [the Reobote P]olicy and if so, whether [] coverage [under the Reobote Policy] is excess coverage over all other policies or whether any of the three exclusions apply.  The trial court found that [DN] is an additional insured under [FMIC's] policy and [FMIC] may have to provide excess coverage.  The trial court also determined that the punitive damages exclusion applied.  The trial court, however, did not address the other two exclusions[—FMIC's claims that no coverage extended:  if [Luis] Matute is deemed to be an employee of DN; or, for cross-claims filed against DN].  Since [FMIC] requested that the trial court make a determination about three exclusions and the trial court

---

floor of a building that was being constructed or renovated at 1001 South 17th Street in Philadelphia.  The complaint includes several defendants, including, DN, as the owner, and Reobote, as the contractor, for the building project at that address.

2 Policy Number APP2131053.

only made a determination about one of them, the [April 2, 2018 o]rder is interlocutory and non-reviewable.

***Frederick Mut. Ins. Co. v. DN Constr., LLC***, 1362 EDA 2018, at \*4-\*5 (Pa. Super. filed Oct. 3, 2018) (unpublished memorandum decision).

After DN's prior appeal was quashed, FMIC sought summary judgment, which the trial court denied. Order and Opinion, 6/16/20. In the opinion attached to the order denying summary judgment, the court held that DN is an "additional insured" under the Reobote Policy. ***Id.*** at 4-5. Also, the court determined that FMIC has a duty to defend DN in the ***Martinez*** action until it is proven otherwise, because of a "lack of evidence indicating that [DN] was [Matute's] actual or statutory employer," ***id.*** at 6, and because the ***Martinez*** complaint alleged that "[Matute] was a business invitee" at the time of his death, which would not fall within the ambit of the Reobote Policy's specified employee exclusion. ***Id.*** FMIC sought reconsideration, which the court also denied.

Since the trial court determined that DN was entitled only to excess coverage under the Reobote Policy in the April 2, 2018 order, the parties agreed that the court had essentially decided the remaining unaddressed exclusion (i.e., that DN was not entitled to coverage for cross-claims lodged against it). On January 11, 2021, with the consent of the parties, the court entered an order confirming that the court's prior April 2, 2018 order was dispositive of all remaining issues in order to permit DN to appeal. ***See***, ***e.g.***, ***Nat'l Cas. Co. v. Kinney***, 90 A.3d 747, 753-55 (Pa. Super. 2014) (citing ***General Accident Ins. Co. of Am. v. Allen***, 692 A.2d 1089, 1094 (Pa. 1997)

(by denying motion for summary judgment, trial court effectively resolved all issues presented in declaratory judgment action)); *Southwestern Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 184 (Pa. Super. 2013) (order that fully releases party or completely resolves dispute is final order, otherwise order merely constitutes non-immediately appealable partial declaration of parties' rights).

Here, our review of the record once again requires quashal.

"An insurer's duty to defend and indemnify the insured may be resolved via declaratory judgment actions. In such actions, the allegations raised in the underlying complaint alone fix the insurer's duty to defend." *Penn-America Ins. Co. v. Peccadillos, Inc.*, 27 A.3d 259, 265 (Pa. Super. 2011) (en banc) (citations and quotation marks omitted).

Our Supreme Court has explained the difference between the duty to defend and duty to indemnify:

> An insurer's duty to defend is broader than its duty to indemnify. [The duty to defend] is a distinct obligation, separate and apart from the insurer's duty to provide coverage. An insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy. As long as the complaint "might or might not" fall within the policy's coverage, the insurance company is obliged to defend. Accordingly, it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend.

*Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540-41 (Pa. 2010) (citations and some quotation marks omitted).

Additionally, we have previously explained how the court determines coverage:

> In the context of a declaratory judgment action, the court resolves the question of coverage. By comparing the allegations to the insurance policy provisions, we determine whether, if the allegations are sustained, the insurer would be required to pay a resulting judgment. The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. We do not consider extrinsic evidence.

*Kiely v. Phila. Contributionship Ins. Co.*, 206 A.3d 1140, 1146 (Pa. Super. 2019) (citations, quotations marks, and brackets omitted).

Here, the trial court determined, first, that any coverage owed to DN was excess coverage under the terms of the Reobote Policy, and second, that the Reobote Policy covered DN as an additional insured. The order in which these determinations were made, we conclude, places the cart before the horse within the applicable coverage analysis. *See Allen*, *supra* at 1093 (quoting *Warner v. Employers' Liability Assurance Corp.*, 133 A.2d 231, 233 (Pa. 1957)) ("[I]t [i]s a necessary prerequisite to recovery under an insurance policy for the insured to show a claim within the coverage provided by the policy.").

On remand from the prior appeal, in comparing the four corners of the Reobote-FMIC insurance contract with those of the *Martinez* complaint, *see Kiely*, *supra*, the court found FMIC failed to prove the applicability of the Reobote Policy's employee exclusion:

> In the underlying complaint, [Matute]'s estate alleges, "At the time of the incident, [Matute] was a business invitee of the

premises." [**See** Plaintiff's Motion for Summary Judgment, 3/4/20, at Exhibit "A" (**Martinez** Complaint, 3/10/17, at ¶ 29).] Based on the foregoing allegation and the absence of any other evidence indicating that DN[] was [Matute's] actual or statutory employer . . . [FMIC] has not sustained its burden of proving that the employee exclusion applies. As such, a duty to defend and indemnify exists until it is proven otherwise and plaintiff's motion for summary judgment is denied.

Order and Opinion, 6/16/20, at 6.

Despite addressing the Reobote Policy's employee exclusion, the trial court never analyzed the applicability of the final exclusion—FMIC's claim that DN was not entitled to coverage for cross-claims lodged against it in the **Martinez** action. Aside from this Court's quashal order that specifically found that the cross-claim exclusion needed to be addressed by the trial court prior to appellate review, **see Frederick Mut. Ins. Co. v. DN Constr., LLC**, **supra**, Pennsylvania case law also requires that the exclusions be addressed prior to determining coverage or the priority of such coverage (i.e., whether the Reobote Policy occupies a primary or excess position with respect to other insurance policies available to DN). **See Allen**, **supra** at 1093 (quoting **Warner**, **supra** at 233); **Kiely**, **supra**.

Since FMIC—plaintiff in the present declaratory judgment action—requested that the trial court make a determination about three exclusions to determine whether coverage under the Reobote policy extends to DN in the **Martinez** action, and because the trial court only made a determination about two of those exclusions, issues still remain regarding the January 11, 2021 order; therefore, the order remains interlocutory and non-reviewable. **See**

***Southwestern Energy Prod. Co.***, ***supra***; ***see also Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.***, 188 A.3d 396, 400 (Pa. 2018).  Thus, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2022