# Harleysville Mut. Ins. Co. v. Established Traffic Control.

*Erin M. Ncdevitt-franz,* for plaintiff.

*Kimberly Scheidt, John Baldante, Rex Brien, Scott Toomey, William Salzer, William Stewart, Joseph McGinley,* for defendant.

MELLON, *J.,* July 10, 2012—This is an appeal from this court's orders denying Harleysville Mutual Insurance Company and Travelers Indemnity Company of America's respective motions for summary judgment in this declaratory judgment action. This opinion follows pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).[1]

This a consolidated declaratory judgment action brought by Harleysville Mutual Insurance Company (hereinafter "Harleysville") and Travelers Indemnity Company of America (hereinafter "Travelers") to determine each insurer's respective duties to a single insured, Established Traffic Control (hereinafter "ETC"), in an underlying personal injury action. Each insurer

---

1. "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Com. v. Seibert,* 799 A.2d 54, 62 (Pa. Super. 2002).

seeks a declaration from this court that it has no duty to defend its insured, ETC in the underlying personal injury action. In a motion for summary judgment, Harleysville, which issued a Commercial General Liability Policy to ETC, seeks a determination as to whether it has a duty to defend ETC against the allegations in the underlying personal injury action based upon an Auto Liability Exclusion and an other insurance provision in its policy. In its cross-motion for summary judgment, Travelers, which issued a Business Auto Policy to its insured ETC, also seeks a determination as to whether it has a duty to defend ETC in the underlying personal injury action based upon the coverage provisions of its Business Auto Policy, an employer liability, exclusion, and a duplicate recovery provision. Comparing the factual allegations brought against ETC in the underlying personal injury action to each insurer's duties under its respective policy, this court found that both Harleysville and Travelers each have a duty to defend their mutual insured, ETC, in the underlying personal injury action.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. *UNDERLYING PERSONAL INJURY ACTION*

On November 13, 2007, Chatley was removing a construction arrow board sign from a trailer on the shoulder of Interstate 80 to set up a traffic lane closure for the installation of security cameras.[2] James Schneider (hereinafter "Schneider"), an employee of Established Traffic Control (hereinafter "ETC"), was traveling

---

2. Underlying Amended Complaint, ¶¶ 30-33, 50; Siemens joinder complaint, ¶¶ 32-33.

approximately one hundred (100) feet behind Chatley's truck, to establish a one hundred (100) foot safety buffer from the flow of traffic while Chately removed the arrow board signs from the truck and placed them on the roadway.[3] At some point during the work, Schneider positioned his vehicle too close to Chatley's truck, preventing the proper placement of the arrow board signs.[4] As a result, Chatley motioned for Schneider to pull his vehicle in front of Chatley's own truck to enable the proper placement of the arrow board signs.[5]

As Chatley stood on the shoulder of the roadway, placing the arrow board signs, a 2000 Jeep Cherokee driven by Gregory J. Gutierrez careened out of control and struck the trailer and arrow board sign, knocking loose the arrow board and striking Chatley in the head.[6] Chatley suffered severe and catastrophic injuries as a result of the accident.[7]

On October 31, 2008, Chatley and his wife sued the Delaware River Joint Toll Bridge Commission (hereinafter "Delaware River Commission"), Mass Electric Construction Company (hereinafter "Mass Electric"), Siemens Corporation and Siemens Building Technologies, Inc. (hereinafter collectively "Siemens"), Jacobs Edwards & Kelcey, and Gregory J. Gutierrez in a negligence action for the injuries he sustained as a result of the accident.[8] On April 8, 2010, Siemens

3. Siemens joinder complaint, ¶¶ 32-33.
4. *Id.*
5. *Id.*
6. Underlying Amended Complaint, ¶ 51; Siemens joinder co - plaint, ¶¶ 32-33.
7. Underlying Amended Complaint, ¶ 66.
8. The underlying personal injury action is captioned as follows:

joined Established Traffic Control, Inc. (hereinafter "ETC") as an additional defendant, claiming that ETC's negligence was the sole cause of Chatley's injuries or, in the alternative, that ETC is joint and severally liable and/or liable over to Siemens for Chatley's injuries.[9] On April 9, 2010, Mass Electric and Delaware River Commission also joined ETC as an additional defendant, claiming that ETC's negligence was the sole cause of Chatley's injuries or, in the alternative, that ETC is joint and severally liable and/or liable over to Mass Electric and Delaware River Commission for Chatley's injuries.[10]

## II. *ETC's INSURANCE COVERAGE*

At the time of the underlying accident, ETC was the policyholder on a number of separate insurance policies. Harleysville Mutual Insurance Company (hereinafter "Harleysville") issued a Commercial General Liability Policy to ETC, which provided coverage for damages resulting from "bodily injury" or "property damage."[11] Harleysville's policy included an Auto Liability Exclusion, which removed coverage for:

> "Bodily injury" ... arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated or rented or loaned to any insured. Use includes operation and "loading or unloading."[12]

---

*John & Stacy Chatley v. Delaware River Joint Toll Bridge Comm'n et al.*, NO. 2008-11176.

9. Siemens joinder complaint, ¶¶ 47, 54-56.

10. Mass Electric & Delaware River Commission joinder complaint, ¶¶ 10-11.

11. Harleysville Commercial General Liability Coverage Form, CG 00 01 12 04 (hereinafter "Harleysville Insurance Policy"), 1.

12. Harleysville Insurance Policy, 4 (emphasis added).

Further, the Harleysville policy included an "Other Insurance" clause that provided:

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

\*\*\*

(d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I Coverage A Bodily Injury And Property Damage Liability.[13]

At the time of the accident, ETC also held a Business Automobile Policy issued by Travelers Indemnity Company of America (hereinafter "Travelers"), which provided coverage as follows:

Section II - LIABILITY COVERAGE

A. *Coverage*

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".[14]

The Travelers policy included an Employee Indemnification And Employer's Liability exclusion, which removed coverage for:

"Bodily injury" to:

---

13. Harleysville Insurance Policy, 11 (emphasis added).

14. Travelers Business Auto Coverage Form, CA TO 31 01 04 (her - inafter "Travelers Insurance Policy"), 2 (emphasis added).

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business....[15]

Further, the Traveler's policy included a duplicate recover clause, which states, in pertinent part:

C. *Limit of Insurance*

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages...resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the declarations.

\*\*\*

No one will be entitled to receive duplicative payments for the same elements of "loss" under this coverage form and any medical payments coverage endorsement, uninsured motorists coverage endorsement or underinsured motorists coverage endorsement attached to this coverage part.[16]

## III. *DECLARATORY JUDGMENT ACTION*

On October 5, 2010, Harleysville, the commercial general liability insurer of ETC, commenced the instant declaratory judgment action to determine whether it had a duty to defend and/or indemnify its insured, ETC, in the

---

15. Travelers Insurance Policy, 3 (emphasis added).
16. Travelers Insurance Policy, 5 (emphasis added).

underlying personal injury action.[17] Harleysville filed a motion for summary judgment on June 17, 2011.[18] In its motion, Harleysville argued that it has no duty to defend and/or indemnify its insured, ETC, for the claims against ETC in the underlying personal injury action. On August 31, 2011, Travelers filed a response and cross-motion for summary judgment. In its motion, Travelers argued that it had no duty to defend and/or indemnify its insured, ETC, for the claims against ETC in the underlying personal injury action. After all responses in opposition to the motions were filed, argument on the motions was held on March 21, 2012.[19]

On March 26, 2012, this court denied Harleysville and Travelers' motion and cross-motion for summary judgment, finding that both Harleysville and Travelers have a duty to defend ETC in the underlying action. On April 25, 2012, Travelers filed a Notice of Appeal with the Pennsylvania Superior Court challenging this court's order of March 26, 2012. On April 26, 2012, Harleysville filed a Notice of Appeal to the Pennsylvania Superior Court, challenging this court's order of March 26, 2012.

On April 30, 2012, this court ordered Harleysville and Travelers to each file a concise statement of errors complained of on appeal, no later than twenty-one (21) days from the date of the order. On May 18, 2012, both

---

17. On November 15, 2010, Travelers filed a separate declaratory judgment action, which was later consolidated into the instant action.

18. In addition to Harleysville's motion, defendants, Travelers and TIC, each filed a cross-motion for summary judgment.

19. In addition to Harleysville and Travelers' respective motions for summary judgment, Technology Insurance Company also filed a cross-motion for summary judgment. This motion is not at issue in this appeal because additional discovery was ordered by this court in order to properly decide the motion.

Harleysville and Travelers filed concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Harleysville filed a concise statement of errors complained of on appeal on May 18, 2012. The errors complained of on appeal as alleged by Harleysville are as follows:

1.   Whether this court erred in finding that the Auto Liability Exclusion of Harleysville's Commercial General Liability Policy did not apply to the claims raised against its insured, ETC, in the underlying action?

2.   Whether this court erred in finding the other insurance provision of Harleysville's Commercial General Liability Policy did not apply to alleviate Harleysville's duty to defend its insured, ETC, in the underlying action?

The errors complained of on appeal as alleged by Travelers are as follows:

1.   Whether this court erred in finding that the Limit of Insurance provision of Travelers' Business Auto Policy did not apply to alleviate Travelers' duty to defend its insured, ETC, in the underlying action?

2.   Whether this court erred in finding that the allegations against ETC in the underlying action fell within the coverage provisions of Travelers' Business Auto Policy?

3. Whether this court erred in finding the Employer Liability Exclusion of Travelers' Business Auto Policy did not apply to the claims raised against its insured, ETC, in the underlying action?

## DISCUSSION

An insurer's duty to defend and indemnify a claim against an insured may be resolved through a declaratory judgment action.[20] In a declaratory judgment action, the court must first determine the scope of the policy's coverage and then examine the complaint in the underlying action to ascertain if it triggers coverage.[21]

An insurer's duty to defend its insured is broader than its duty to indemnify.[22] The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage to its insured.[23] An insurer has an obligation to defend its insured "if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy."[24] So long as the allegations in the complaint "might or might not" fall within the policy's coverage, the insurance company is obligated to defend.[25] Thus, it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty

20. *Gen. Accident Ins. Co. of Am. v. Allen*, 547 Pa. at 693, 707, 692 A.2d 1089, 1095 (Pa. 1997); *Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 355 (Pa. Super. 1996).

21. See *Allen*, 547 Pa. at 706, 692 A.2d at 1095.

22. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888 (2006).

23. *Erie Ins. Exch. v. Transamerica Ins. Co.*, 516 Pa. 574, 533 A.2d 1363 (Pa. 1987).

24. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 609, 2 A.3d 526, 541 (2010) (citing Erie Ins. Exch., 516 Pa. at 583, 533 A.2d at 1368).

25. Jerry's Sport Cen., Inc., 606 Pa. at 609, 2 A.3d at 541.

to defend.[26]

It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint brought against the insurer.[27] "The factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured."[28] Whether a claim against an insured is potentially covered under an insurance policy is determined by "comparing the four corners of the insurance contract to the four corners of the complaint."[29] Thus, an insurer's obligation "to defend an action brought against the insured is to be determined solely by the allegations of the complaint."[30]

This court found the claims brought against ETC contained in the joinder complaints in the underlying action fall within both Harleysville and Travelers' respective insurance policies. Therefore, this court properly denied Harleysville's motion for summary judgment and Travelers' cross-motion for summary judgment and found that each insurer has a duty to defend ETC in the underlying action.

I. *THIS COURT PROPERLY DENIED HARLEYSVILLE'S MOTION FOR SUMMARY JUDGMENT AND FOUND IT HAS A DUTY TO DEFEND*

---

26. *Id.*

27. Kvaerner, 589 Pa. at 331, 908 A.2d at 896.

28. Jerry's Sport Cen., Inc., 2 A.3d at 541 (quoting *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742 (3d Cir. 1999)).

29. *Jerry's Sport Cen., Inc.*, 606 Pa. at 609, 2 A.3d at 541.

30. *Kvaerner*, 589 Pa. at 330, 908 A.2d at 896 (quoting *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999) (emphasis in original)). In *Kvaerner,* the Pennsylvania Supreme court held that it was error for a court to look beyond the allegations in the complaint and consider other sources in determining an insurer's duty to defend. See *id.* at 896.

*ITS INSURED, ETC, IN THE UNDERLYING ACTION BECAUSE ETC'S ALLEGED NEGLIGENT ACTS FALL WITHIN THE COMMERCIAL GENERAL LIABILITY POLICY ISSUED BY HARLEYSVILLE.*

This court properly denied Harleysville's motion for summary judgment and found it has a duty to defend its insured, ETC, in the underlying action because the claims against ETC fall within Harleysville's Commercial General Liability Policy and are not excluded by any policy provisions.

A. *Harleysville has a duty to defend its insured, ETC, because the Auto Liability Exclusion of Harleysville's Commercial General Liability Policy does not apply to the allegations raised against ETC in the underlying action.*

Harleysville claims that it has no duty to defend its insured, ETC, in the underlying action because the allegations raised against ETC "arise out of" the use of an automobile, and, thus, fall within the Auto Liability Exclusion of its Commercial General Liability Policy. The Auto Liability Exclusion excludes coverage for:

"Bodily injury" ... arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated or rented or loaned to any insured. Use includes operation and "loading or unloading."[31]

The phrase "arising out of" means to be causally connected with, and not proximately caused by.[32] "But

---

31. *Harleysville Insurance Policy,* 4 (emphasis added).
32. *Lebanon Coach Co. v. Carolina Cas. Ins. Co.,* 675 A.2d 279, 289 (Pa. Super. 1996).

for" causation, as in a cause and result relationship, is enough to satisfy an "arising out of" provision in a policy.[33] Thus, there must be a link between the injury sustained and the use of the motor vehicle.[34] The term "use" as employed in an insurance policy "denotes an element of rational, purposeful conduct."[35] Thus, "use of an... 'auto'" "means the use of a motor vehicle as a vehicle, including, incident to its use as a vehicle, occupying, entering into, or alighting therefrom."[36]

The allegations raised against ETC in the underlying action do not fall within the Auto Liability Exclusion in Harleysville's policy. The joinder complaints in the underlying action contain the only allegations of negligence against ETC, Harleysville's insured. The majority of these allegations do not, in any way, relate to the "use" of a motor vehicle; instead the joinder complaints allege ETC failed to properly secure the construction site to ensure its safety to the public and failed to adequately control traffic at the site.[37] For instance, Mass Electric and Delaware River Commission in their joinder complaint allege that ETC was negligent in "failing to properly operate, control, manage, maintain, develop, design, approve, coordinate, configure, inspect, install, place and/or construct road signs, markers, controls, traffic control devices, guardrails, barriers, lanes or travel and/or roadway shoulders..." and "failing to properly communicate with and/or secure the assistance of local

---

33. See *id.*
34. See *id.*
35. Erie Ins. Exch., 516 Pa. at 581, 533 A.2d at 1367.
36. Lebanon Coach Co., 675 A.2d at 290 (Pa. Super. 1996).
37. See Siemen's joinder complaint, ¶¶ 47, 54-55; Mass. Electric and Delaware River Commission's joinder complaint, ¶ 10.

and/or state police to assist with the implementation of changed or altered traffic patterns...;"[38] allegations that deal with ensuring that proper safety protections were present at the work site and not the "use" of an automobile. While, a few of the allegations could be construed to "arise out of" ETC's "use" of a covered automobile,[39] there are sufficient allegations, as previously discussed, within the joinder complaints to potentially implicate Harleysville's coverage in this case. Therefore, the Automobile Liability Exclusion of Harleysville's Commercial General Liability Policy does not alleviate Harleysville's duty to defend its insured, ETC, and this court's denial of Harleysville's motion for summary judgment was proper.

B. *Harleysville has a duty to defend its insured, ETC, because the other insurance provision of Harleysville's Commercial General Liability Policy does not apply.*

C. Harleysville claims that it has no duty to defend its insured, ETC, in the underlying action because Harleysville's Commercial General Liability Policy should be treated as "excess over" any other coverage available to ETC, namely the Travelers' Business Auto Policy. Harleysville relies upon an other insurance provision in its policy, which states, in pertinent part:

b. Excess Insurance

This insurance is excess over:

---

38. Mass. Electric and Delaware River Commission's joinder co - plaint, ¶¶ 10(c), (1).

39. The allegations dealing with ETC's employee, James Schneider, and his "use" of an insured auto could be considered causally related to the accident in that he moved the insured auto from its stance as a safety precaution at the work site. See Mass. Electric and Delaware River Commission's joinder complaint, ¶¶ 10(h), (j), (k), (n)-(o), (t)-(u); Siemen's joinder complaint, ¶¶ 33-46.

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

\*\*\*

(d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I Coverage A Bodily Injury And Property Damage Liability.[40]

"Other insurance" clauses in insurance policies seek to limit an insurer's liability when other insurance is applicable to the loss.[41]

The other insurance provision in the Harleysville Commercial General Liability Policy does not apply to alleviate Harleysville's duty to defend its insured, ETC. As discussed in Section I. A., supra, the allegations against ETC in the joinder complaints, which trigger Harleysville's duty to defend ETC, are not all related to the "use" of an automobile. The allegations raised against ETC claim that ETC was negligent in its failure to properly secure the construction site and ensure its safety to the public while adequately controlling traffic at the site.[42] Because the other insurance provision only applies where "the loss arises out of the maintenance or use of...'autos,'" this exclusion does not apply to alleviate Harleysville's duty to defend ETC in the underlying action. Therefore, this court properly denied Harleysville's motion for summary judgment.

---

40. Harleysville Insurance Policy, 11 (emphasis added).
41. *Harleysville Ins. Co. v. Aetna Cas. & Sur. Ins. Co.,* 568 Pa. 255, 258, 795 A.2d 383, 385 (2002).
42. See Siemen's joinder complaint, ¶ 47, 54-55; Mass. Electric and Delaware River Commission's joinder complaint, ¶ 10.

## II. *THIS court PROPERLY DENIED TRAVELERS' CROSS-MOTION FOR SUMMARY JUDGMENT AND FOUND IT HAS A DUTY TO DEFEND ITS INSURED, ETC, IN THE UNDERLYING ACTION BECAUSE ETC's ALLEGED NEGLIGENT ACTS FALL WITHIN THE COMMERCIAL AUTOMOBILE POLICY ISSUED BY TRAVELERS.*

This court properly denied Travelers' cross-motion for summary judgment and found it has a duty to defend its insured, ETC, in the underlying action because the claims against ETC fall within Travelers' Business Auto Policy and are not excluded by any policy provisions.

*A. Travelers has a duty to defend its insured, ETC, because the Limit on Insurance Provision of Travelers' Business Auto Policy does not apply.*

Travelers claims that it has no duty to defend its insured, ETC, in the underlying action because Travelers already paid underinsured motorist ("UIM") benefits under the Business Auto Policy to Chatley for his injuries in the accident, and, thus, the policy limits have already been exhausted. Travelers points specifically to a Limit of Insurance provision in its Business Auto Policy, which states, in pertinent part:

C.  Limit of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages...resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the declarations.

\*\*\*

> No one will be entitled to receive duplicative payments for the same elements of "loss" under this coverage form and any medical payments coverage endorsement, uninsured motorists coverage endorsement or underinsured motorists coverage endorsement attached to this coverage part.[43]

Travelers contends that under this policy language it is not obligated to defend its insured, ETC, in the underlying action because it has already settled Chatley's UIM claim and any further payments under the Business Auto Policy would constitute "duplicative payments."

Under Pennsylvania law, UIM insurance is designed to protect an insured from a negligent driver of another vehicle who causes injury to the insured, but through no fault of the insured, lacks adequate insurance coverage to compensate the insured for his or her injuries.[44] UIM coverage is purchased to protect oneself from other drivers whose liability insurance purchasing decisions are beyond one's control and, thus, requires two or more insurance contracts to be in play.[45] Generally, exclusions for duplicative recovery of general liability coverage and UIM coverage are only upheld where there is a single tortfeasor in the accident with only one insurance policy involved and not where two or more policies with two or

---

43. Travelers Insurance Policy, 5 (emphasis added).

44. See *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558, 562, 711 A.2d 1006, 1008 (1998); see also *Nationwide Mut. Ins. Co. v. Consenza*, 258 F.3d 197, 209 (3d Cir. 2001) (analyzing and applying Pennsylvania substantive law).

45. *Paylor v. Hartford Ins. Co.*, 536 Pa. 583, 591, 640 A.2d 1234, 1238 (1994).

more joint-tortfeasors are at issue.[46]

The Limit of Insurance provision in the Business Auto Policy issued by Travelers does not apply in this case. There are multiple insurance policies in play and multiple tortfeasors who potentially could be responsible for Chatley's injuries. First, Gutierrez, the driver in this accident, had his own insurance policy with a policy limit of $100,000, an amount which was insufficient to cover John Chatley's injuries. As such, the Travelers' UIM policy was triggered to help compensate John Chatley for his injuries. Second, ETC held liability coverage under the Travelers' Business Auto Policy. The joinder complaints in the underlying action raised allegations regarding ETC's use of a covered automobile, allegations which could trigger the liability coverage under Travelers' policy. As such, there are two separate insurance policies implicated in this action and two separate tortfeasors who are potentially at fault for Chatley's injuries. Therefore, the Limit of Insurance provision of Traveler's Business Auto Policy does not bar Travelers from having a duty to defend its insured, ETC.

B. *Travelers has a duty to defend its insured, ETC, because the allegations against ETC in the underlying action fall within the coverage provided in Travelers' Business Auto Liability Policy.*

---

46. See Consenza, 258 F.3d at 209-14 (providing analysis and review of Pennsylvania case law dealing with duplicative recovery exclusions in automobile insurance policies); see e.g., *Sturkie v. Erie Ins. Group,* 595 A.2d 152 (Pa. Super. 1991) (single vehicle accident, exclusion enforceable to prevent conversion of UIM benefits to liability benefits); *Newkirk v. United Serv. Auto. Assoc.,* 564 A.2d 1263 (Pa. Super. 1989) (same); *Wolgemuth v. Harleysville Mut. Ins. Co.,* 535 A.2d 1145 (Pa. Super. 1988)(same).

Travelers claims that it has no duty to defend its insured, ETC, in the underlying action because the allegations raised against ETC do not fall within the coverage provisions of its Business Auto Policy. Travelers' Business Auto Policy provides for coverage as follows:

Section II - LIABILITY COVERAGE

B.   Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".[47]

Automobile insurance is designed to compensate victims for vehicle-caused injuries.[48] Accordingly, in determining whether the injury arose out of the ownership, maintenance or use of the motor vehicle, we must look to the "instrumentality used to cause the injury."[49] Thus, there must be some causal connection between the injuries suffered by a claimant and the use of the motor vehicle by an insured.[50] "The causal connection need not rise to the level of proximate causation; however,... the connection must be more than mere happenstance."[51]

The allegations raised against ETC in the underlying action fall within the Business Auto Policy issued by Travelers. The joinder complaints in the underlying action

47. Travelers Insurance Policy, 2 (emphasis added).
48. See *Smith v. United Servs. Auto. Ass'n.* 527 A.2d 785, 787 (Pa. Super. 1990).
49. *Id.*
50. *Id.*
51. *Id.*

contain the only allegations of negligence against ETC, Travelers' insured. While the majority of the claims in the joinder complaints against ETC allege that ETC failed to properly secure the construction site to ensure its safety to the public and failed to adequately control traffic at the site,[52] there are a number of allegations that could be construed to "arise out of" ETC's "use" of a covered automobile.[53] The allegations dealing with ETC's employee, James Schneider, and his "use" of an insured auto could be considered causally related to the accident in that he moved the insured auto from its stance as a safety precaution at the work site.[54] Construing Travelers' policy provisions in favor of the insured, ETC, there are sufficient allegations within the joinder complaint to potentially implicate Travelers' duty to defend under its Auto Liability Policy. Therefore, this court properly found Travelers had a duty to defend ETC in the underlying action and denied its cross-motion for summary judgment.

C. *Travelers' has a duty to defend its insured, ETC, because the Employer Liability Exclusion of Travelers' Business Auto Policy does not apply to the allegations raised against ETC in the underlying action.*

Travelers claims that it has no duty to defend its insured, ETC, in the underlying action because the allegations raised against ETC involve injuries to an employee in the course and scope of his employment, and, thus, fall

---

52. See Siemen's joinder complaint, ¶¶ 47, 54-55; Mass. Electric and Delaware River Commission's joinder complaint, ¶ 10.

53. See Mass. Electric and Delaware River Commission's joinder complaint, ¶¶ 10(h), (j), (k), (n)-(o), (t)-(u); Siemen's joinder complaint, ¶¶33-46.

54. See Mass. Electric and Delaware River Commission's joinder complaint, ¶¶10(h), (j), (k), (n)-(o), (t)-(u); Siemen's joinder complaint, ¶¶ 33-46.

within the Employer Liability Exclusion of its Business Auto Policy. The Employer Liability Exclusion states, in relevant part:

"Bodily injury" to:

c. An "employee" of the "insured" arising out of and in the course of:

(3) Employment by the "insured"; or

(4) Performing the duties related to the conduct of the "insured's" business....[55]

Travelers contends that under this policy exclusion, it is not obligated to defend its insured, ETC, in the underlying action because Chatley was an employee of ETC at the time of the accident. In support of this contention, Travelers cites the Amended Complaint filed in the underlying action. However, the joinder complaints in the underlying action, and not the amended complaint as Travelers contends, contain the only allegations of negligence against ETC, Travelers' insured. Therefore, this court is confined to comparing only the allegations against ETC in the joinder complaints to Travelers' Business Auto Policy to determine whether Travelers has a duty to defend.[56]

The allegations raised against ETC in the underlying action do not fall within the Employer Liability Exclusion in Travelers' policy. Whether Chatley was an "employee" of ETC at the time of the accident is not clear on the face of the joinder complaints. In the Mass. Electric and Delaware

---

55. Travelers Insurance Policy, 3 (emphasis added).
56. See Kvaerner, 589 Pa. at 330, 908 A.2d at 896 (holding that it was error for a court to look beyond the allegations in the complaint and consider other sources in determining an insurer's duty to defend).

River Commission's joinder complaint, the allegations against ETC expressly deny that Chatley was an employee at the time of the accident.[57] Further, the Siemen's joinder complaint claims that ETC is "judicially estopped" from claiming John Chatley was an employee of ETC because of previous worker's compensation proceedings.[58] Taking these factual allegations as true and construing them in favor of Travelers' insured, ETC, the claims against ETC do not clearly fall within the Employer Liability Exclusion of the Business Auto Policy. Therefore, this court properly denied Travelers' cross-motion for summary judgment and found that Travelers has a duty to defend its insured, ETC, in the underlying action because the claims against ETC in the joinder complaints are potentially covered by the Business Auto Policy.

## CONCLUSION

For the foregoing reasons, this court properly denied Harleysville's motion for summary judgment and Travelers' cross-motion for summary judgment and found that each insurer has a duty to defend its insured, ETC, in the underlying action.

---

57. See Mass. Electric and Delaware River Commission's joinder complaint, ¶ 8.

58. See Siemen's joinder complaint, ¶¶ 6-22, 28, 30.