J. A27010/14 & J. A27011/14

2015 PA Super 78

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAELA LOBENTHAL, | : | |
| DEVIN JOHN MILLER, KORY L. BOYD | : | |
| AND MARK D. BOYD, INDIVIDUALLY | : | |
| AND AS PARENT AND NATURAL | : | |
| GUARDIAN OF KORY L. BOYD | : | |
| | : | |
| APPEAL OF:  KORY L. BOYD AND | : | |
| MARK D. BOYD | : | No. 1971 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 20, 2013,
in the Court of Common Pleas of Erie County
Civil Division at No. 13247-12

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAELA LOBENTHAL, | : | |
| DEVIN JOHN MILLER, KORY L. BOYD, | : | |
| AND MARK D. BOYD, INDIVIDUALLY | : | |
| AND AS PARENT AND NATURAL | : | |
| GUARDIAN OF KORY L. BOYD | : | |
| | : | |
| APPEAL OF:  MICHAELA LOBENTHAL, | : | No. 2031 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 20, 2013,
in the Court of Common Pleas of Erie County
Civil Division at No. 13247-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2015**

Michaela Lobenthal, Kory L. Boyd, and Mark D. Boyd appeal from the order of November 20, 2013, granting summary judgment for Erie Insurance Exchange ("Erie"), plaintiff in this declaratory judgment action, and ruling that Erie has no duty to defend or indemnify Michaela Lobenthal with respect to any of the claims brought by the Boyds in the underlying lawsuit.  After careful review, we reverse.[1]

The trial court has set forth the history of this case as follows:

> Boyd Defendants filed the underlying tort claim[Footnote 1] against Defendants Lobenthal[Footnote 2] and [Devin] Miller[Footnote 3] pursuant to injuries sustained by Defendant [Kory L.] Boyd in a motor vehicle accident.  The facts surrounding the accident are not in dispute. Defendant Boyd suffered injuries as the result of a car accident on September 26, 2010, while a passenger in a car driven by Defendant Miller.
>
> > [Footnote 1] The claims by Boyd Defendants against Defendants Lobenthal and Miller were consolidated at docket 11321-2011.
> >
> > [Footnote 2] Defendant Lobenthal's parents were dismissed from the underlying tort case.  ***Praecipe for Voluntary Discontinuance, June 2, 2011*** at 11353-2011.

---

[1] Michaela Lobenthal and the Boyds filed separate appeals; however, as they involve the same issues, we have consolidated them ***sua sponte***.

> [Footnote 3] Default judgment was entered against Defendant Miller on March 22, 2013, at this docket.
>
> Counts Two and Three of the underlying Complaint allege Defendant Lobenthal engaged in "negligent, careless, reckless, outrageous, willful and wanton conduct" and "concerted tortuous [sic] conduct" in that she permitted the "possession and consumption" of controlled substances by Defendant Miller[Footnote 4] at a property owned by Defendant Lobenthal's parents which was covered by Plaintiff's insurance policy.
>
>> [Footnote 4] Count One of the Complaint set forth a negligence claim against Defendant Miller.
>
> On October 28, 2011, the Court overruled Defendant Lobenthal's Preliminary Objections finding that as Defendant Lobenthal was not liable to Defendant Boyd for the injuries resulting from Defendant Miller's alcohol consumption, her "liability in Counts II and III turns **solely** on whether she furnished controlled substances to Miller." ***Order, J. Connelly, Oct. 28, 2011*** (emphasis in original). On September 26, 2012, Plaintiff filed its Action for Declaratory Judgment and the instant Motion for Summary Judgment on July 22, 2013. On August 14, 2013, Boyd Defendants filed their Motion [Footnote 5] for Summary Judgment.
>
>> [Footnote 5] On August 15, 2013, Defendant Lobenthal filed her Response and Brief in Opposition to Plaintiff's Motion for Summary Judgment incorporating in full Boyd Defendants' responses.

Opinion and Order, 11/20/13 at 1-2 (additional citations to the pleadings omitted).

Appellants have raised the following issues for this court's review:

- 3 -

A. Whether Erie, after tendering a defense of Michaela Lobenthal under the insurance policy, ever reserved its right to deny a defense and indemnification to her when its reservation of rights letters were expressly limited to claims against Adam and Jacqueline Lobenthal?

B. Whether Erie satisfied its obligation to provide timely notice to Michaela Lobenthal (an adult) when it addressed both reservations of rights letters to her parents, Adam and Jacqueline Lobenthal, sent it [sic] to the home, and sent a copy to Lobenthal's insurance defense counsel?

C. Whether Erie satisfied its obligation to provide timely notice to Michaela Lobenthal when it knew from the "four corners" of the Complaint that it may apply the "controlled substances" exclusion, but did not provide her with notice to that effect until after insurance defense counsel had gotten the covered claims (providing alcohol) dismissed by filing Preliminary Objections[?]

D. Whether Erie played "fast and loose" by withholding its reservation of rights under the "controlled substances" exclusion until it had first obtained an Order dismissing all claims that fell within the coverage of the policy resulting in prejudice to Michaela Lobenthal[?]

E. Whether Lobenthal and Boyd established a sufficient basis for a grant of summary judgment against Erie[?]

Boyds' brief at 5-6.

Initially, we note:

Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. Accordingly, we must consider the order in the context of the entire record. Our standard of

- 4 -

> review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law. Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. We will reverse the resulting order only where it is established that the court committed an error of law or clearly abused its discretion.

> ***Grimminger v. Maitra***, 887 A.2d 276, 279 (Pa.Super.2005) (quotation omitted). "[Moreover,] we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Evans v. Sodexho***, 946 A.2d 733, 739 (Pa.Super.2008) (quotation omitted).

***American Nat. Property and Cas. Companies v. Hearn***, 93 A.3d 880, 883 (Pa.Super. 2014), quoting ***Ford Motor Co. v. Buseman***, 954 A.2d 580, 582-583 (Pa.Super. 2008), ***appeal denied***, 970 A.2d 431 (Pa. 2009).

> "The proper construction of a policy of insurance is resolved as a matter of law in a declaratory judgment action." ***Alexander v. CNA Insurance Co.***, 441 Pa.Super. 507, 657 A.2d 1282, 1284 (1995), ***appeal denied***, 543 Pa. 689, 670 A.2d 139 (1995) (citation omitted). "The Declaratory Judgments Act may be invoked to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or a duty to indemnify a party making a claim under the policy." ***General Accident Ins. Co. of America v. Allen***,

547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997) (citations omitted). Both the duty to defend and the duty to indemnify may be resolved in a declaratory judgment action. *Id.* at 707, 692 A.2d at 1096, citing *Harleysville Mutual Ins. Co. v. Madison*, 415 Pa.Super. 361, 609 A.2d 564 (1992) (insurer can seek determination of obligations to insured before conclusion of underlying action) (additional citations omitted).

> It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured. In determining whether an insurer's duties are triggered, the factual allegations in the underlying complaint are taken as true and liberally construed in favor of the insured.

*Indalex Inc. v. National Union Fire Ins. Co. of Pittsburgh*, 83 A.3d 418, 421 (Pa.Super.2013) (citation and quotation marks omitted).

> The obligation of an insurer to defend an action against the insured is fixed solely by the allegations in the underlying complaint. As long as a complaint alleges an injury which may be within the scope of the policy, the insurer must defend its insured until the claim is confined to a recovery the policy does not cover.

*Erie Ins. Exchange v. Fidler*, 808 A.2d 587, 590 (Pa.Super.2002) (citations omitted).

*Id.* at 883-884.

"[W]e focus primarily on the duty to defend because it is broader than the duty to indemnify. If an insurer does not have a duty to defend, it does not have a duty to indemnify. However, both duties flow

from a determination that the complaint triggers coverage."

***Id.*** at 884, quoting ***Indalex***, ***supra*** (citations and quotation marks omitted).

Pennsylvania counterbalances the insurer's broad obligation to defend even claims as to which coverage may not apply by providing the insurer the option of defending subject to a reservation of its right later or simultaneously to contest coverage:

Where the insurer assumes the duty to defend, the insurer can simultaneously challenge whether the claim is covered under the insurance policy, even if the underlying case settles. An insurer's defense of the insured, therefore, does not waive the insurer's claims that a policy exclusion applies. It is common practice for insureds and insurance companies to file declaratory judgment actions when there is a dispute regarding whether the insurer has a duty to defend and/or indemnify . . . .

***Babcock & Wilcox Co. v. American Nuclear Insurers***, 76 A.3d 1, 12 (Pa.Super. 2013), ***appeal granted in part***, 84 A.3d 699 (Pa. 2014), quoting ***Step Plan Servs., Inc., v. Koresko***, 12 A.3d 401, 419 (Pa.Super. 2010) (internal quotation marks and citations omitted).

It is generally recognized that

(a) liability insurer will not be estopped to set up the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, if the insurer gives timely notice to the insured that it has not waived the benefit of its defense under the policy. However, a reservation of

rights in this respect, to be effective, must be communicated to the insured. It must fairly inform the insured of the insurer's position and must be timely, although delay in giving notice will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense.

**Brugnoli v. United Nat. Ins. Co.**, 426 A.2d 164, 167 (Pa.Super. 1981), quoting 14 G. Couch, Cyclopedia of Insurance Law s 51:83 (2d ed. 1965) (footnotes omitted).

In the instant case, Erie sent two reservation of rights letters, one on April 28, 2011, prior to the underlying complaint being filed, and another on February 7, 2012. Both letters were addressed only to the named insureds, Michaela's parents, Adam and Jacqueline Lobenthal; neither letter mentioned the defendant in the underlying tort action, Michaela Lobenthal, who had attained majority status as of November 20, 2010. These letters reserved Erie's right to disclaim coverage and liability for any judgment "that may be rendered against yourself," **i.e.**, against Adam and Jacqueline Lobenthal. Furthermore, only the second reservation of rights letter, sent approximately three and one-half months after the preliminary objections were decided, referenced the controlled substances exclusion in the policy.

While not binding on this court, we find the case of **Luther v. Fuller**, 30 Pa.D.&C.2d 725 (Cambria Co. 1963), to be instructive. In that case, the defendant was a minor son of the named insured. The defendant was involved in an accident while driving an automobile covered by the policy.

Five days before trial, the insurer notified the named insured that although it intended to defend the action, it reserved the right to disclaim liability. *Id.* at 727. No notice of reservation or disclaimer was sent to the defendant. *Id.* The trial court held that the insurer was estopped to deny liability where it failed to notify the defendant of a reservation of its right to disclaim. The insurer notified only one of the named insureds, who was not the defendant in the action, of its right to disclaim liability.

> Although research fails to disclose any Pennsylvania cases on point, we are of the opinion the garnishee, in possession of all the facts eight months before trial, had a duty to advise the defendant of its nonwaiver, or at least proceed by way of declaratory judgment to determine whether or not it was liable. Defendant claimed to be a "person insured" under the policy by virtue of his status as a member of the household of the named insureds. If, in fact, the garnishee had a defense to liability, notice should have been given to him and not the named insureds who could suffer no loss if the defense were successful.

*Id.* at 738.

Similarly, here, Erie sent reservation of rights letters to the named insureds, Adam and Jacqueline Lobenthal, but not to Michaela Lobenthal, who was an additional insured as a member of her parents' household. On June 2, 2011, the action was voluntarily discontinued as against Adam and Jacqueline Lobenthal. The only remaining defendants were Michaela Lobenthal and Miller, yet Erie failed to copy Michaela Lobenthal on the February 7, 2012 reservation of rights letter. We also note that unlike

the defendant in **Luther**, Michaela Lobenthal was an adult and was clearly entitled to notice.

Erie argues that notice was sent to Michaela's attorney, which can fairly be imputed to Michaela. In addition, Erie contends that as a resident of her parents' household, it is unlikely Michaela was not made aware of the reservation of rights letters. Erie also states that, in any event, Michaela had actual notice of Erie's position when it filed the instant declaratory judgment action.

In **Knox-Tenn Rental Co. v. Home Ins. Co.**, 2 F.3d 678 (6th Cir. 1993), Home Insurance Company ("Home") issued a professional liability policy to Robert Lowe's ("Lowe") employer, Jenkins Insurance, Inc. ("Jenkins"). The policy contained an exclusion for criminal or fraudulent acts. **Id.** at 680. The underlying suit brought by Knox-Tenn Rental Co. ("KTR") alleged a fraudulent scheme whereby the defendants conspired to overcharge KTR for its insurance premiums and return the overcharges in cash to KTR's vice-president and general manager. **Id.** Lowe was treasurer of Jenkins and was insured under a clause in the policy providing coverage for directors and officers.

Home furnished a defense and provided counsel. **Id.** In addition, Home sent Jenkins a reservation of rights letter reserving all rights and defenses. **Id.** Home sent a copy of this letter to counsel but did not send a copy to Lowe or advise him that coverage might not be available under the

policy. *Id.* After judgment was entered, Home informed Lowe that it would not pay the judgment, citing the policy's fraud exclusion. *Id.* KTR and Lowe brought a declaratory judgment action claiming that Home was estopped from denying coverage because it failed to reserve its rights as to Lowe. *Id.* at 680-681.

The Sixth Circuit Court of Appeals agreed, finding that notice of reservation of rights to Jenkins and insurance defense counsel did not constitute notice to Lowe. The court refused to impute the notice received by Jenkins to Lowe merely because he was employed by the company. *Id.* at 682. Moreover, the court in *Knox-Tenn* stated that even if the notice provided to Jenkins could somehow be attributed to Lowe, the reservation of rights letter only gave notice with respect to Home's defense of Jenkins and made no reference to Lowe. *Id.* at 683. The letter was addressed to Jenkins and did not reserve Home's rights with respect to its defense of Lowe:

> [E]ven if Lowe read the letter or its contents somehow came to his attention through co-workers, he reasonably could have concluded that Home's reservation of rights applied to the company and not to him in light of the fact that the letter was addressed only to Jenkins Insurance, although he and several others had been named as individual defendants in the same suit.

*Id.* at 684.

Similarly, here, Erie's reservation of rights letter was addressed solely to the named insureds, Adam and Jacqueline Lobenthal, not to Michaela.

The letter made no mention of Michaela. As in **Knox-Tenn**, we will not impute notice to Michaela based on the fact the letter was sent to counsel where the letter was addressed to her parents and made no reference whatsoever to Michaela. By the same token, we refuse to attribute notice to Michaela based on the fact that she was living with her parents at the time. Michaela was an adult at the time the lawsuit was filed, and there is no evidence that she actually read the letter. Michaela was the defendant in the underlying tort action, and the letter should have been addressed in her name.

We also agree with appellants that Erie's February 7, 2012 reservation of rights letter was untimely. The underlying complaint, filed June 27, 2011, alleged that Michaela permitted and encouraged the use of controlled substances at the party, including marijuana and Xanax, and supplied Miller with controlled substances. Erie was on notice when the complaint was filed that these allegations fell under the controlled substances policy exclusion; yet, Erie waited until February 2012 to send a reservation of rights letter.

> When an insurance company or its representative is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy. It cannot play fast and loose, taking a chance in the hope of winning, and, if the results are adverse, take advantage of a defect in the policy. The insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case.

***Malley v. American Indemnity Corp.***, 146 A. 571, 573 (Pa. 1929).

***Cf. Brugnoli***, 426 A.2d at 168 (insurer's letter sent within one week of receiving the complaint was timely).

Here, Erie waited to send its reservation of rights letter until over three months had passed from disposition of its preliminary objections and the only remaining claim related to Michaela's alleged furnishing of controlled substances, which was clearly excluded from coverage. Once the allegations regarding furnishing of alcohol to Miller were dismissed, Erie no longer had any duty to defend/indemnify Michaela. Had Michaela been informed of Erie's intention to deny coverage when the suit was filed, she could have engaged separate counsel and managed her own defense. Erie contends that Michaela cannot demonstrate how she was prejudiced, where the case was not yet listed for trial and Erie defended her zealously. However, where an insurer fails to clearly communicate a reservation of rights to an insured, prejudice may be fairly presumed:

> In this vein, the Missouri Court of Appeals has observed:

>> The insurance company, if it were reserving a right to deny coverage under its policy, would be more or less zealous in its defense of the claim depending upon its evaluation of its exposure under its policy. Nothing chills one's zeal for a defense so much as the belief that, even if he loses, it will cost him nothing. . . . There would in many instances be a conflict of interest on the insurance company's part . . . with the insurance

> company being as much interested in establishing facts which would result in non-coverage as in establishing facts showing the insured's non-liability.

***Babcock & Wilcox***, 76 A.3d at 13, quoting ***Mid-Century Ins. Co. v. McKelvey***, 666 S.W.2d 457, 459 (Mo.Ct.App. 1984).

As astutely observed in ***Knox-Tenn***, ***supra***, "Analyzing how a case might have gone differently for an insured if he had been aware of a reservation of rights is an inherently speculative undertaking." ***Knox-Tenn***, 2 F.3d at 685 (footnote omitted). At a minimum, Michaela could have declined Erie's offer to defend and retained her own lawyer. ***Id.***; ***Brugnoli***, 426 A.2d at 168 n.6 ("consent of the insured is necessary if the insurer is to retain control of defense of the action and at the same time reserve the right to disclaim liability under the policy"), quoting 14 G.Couch, Cycopedia of Insurance Law § 51:84 (2nd ed. 1965); ***Babcock & Wilcox***, ***supra*** (an insured has the option to decline a defense tendered subject to a reservation of rights and furnish its own defense, either ***pro se*** or through independent counsel retained at the insured's expense).

For these reasons, we determine that Michaela, as the defendant, was entitled to notice of Erie's reservation of its right to disclaim liability. Notice to Michaela's parents, the named insureds, and to insurance defense counsel provided by Erie, was ineffective as to Michaela. In addition, Erie's reservation of rights letter, sent approximately seven months after the complaint was filed, was untimely.

Order reversed. Remanded with instructions to enter judgment for Michaela Lobenthal. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015