542 A.2d 144

James DUFFY, Administrator of the Estate of Michael Blazowich, Appellant,

v.

NATIONWIDE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued March 17, 1988.

Filed May 26, 1988.

JoAnne Weber, Pittsburgh, for appellant.

Alan H. Perer, Pittsburgh, for appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the order (later reduced to judgment) of the Court of Common Pleas of Allegheny County entering summary judgment against the appellant, James Duffy, Administrator of the Estate of Michael Blazowich. We affirm in a case of first impression.

As an appellate court, our role in reviewing an order granting a summary judgment has been oft-stated; e.g.:

> Summary judgment is made available by Pa.R.C.P. 1035 when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975). To determine the absence of a genuine issue of material fact, we must view the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of judgment. *Id.* In so doing, we accept as true all well-pleaded facts in appellant's pleadings and give appellant the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Id.*

*Harris v. Easton Publishing Co.*, 335 Pa.Super. 141, 152, 483 A.2d 1377, 1382–83 (1984).

Viewed under the aforementioned standard, the undisputed facts are that the appellant's decedent, while walking across a roadway, was struck and killed by the driver

(Robert Crupie, Jr.) of a vehicle insured with the appellee, Nationwide Insurance Company. The policy (at Option 3) specifically limited payment of Accidental Death Benefits (ADB) to the named insured (Crupie) and his relatives. Because the appellant's decedent did not come under either heading, a complaint was filed seeking to recover ADB under the policy of insurance issued to Crupie. Each party filed a motion for summary judgment. Thereafter, the court below entered judgment in favor of the appellee and against the appellant. With the reduction of the order to judgment, an appeal to this Court was perfected.

The sole issue for our consideration is whether the policy of insurance issued to Crupie by the appellee, limiting, as it does, the recovery of ADB to the named insured and his relatives is at odds with the applicable provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. (Supp.1987–88).

█ We start our inquiry by noting our agreement with the appellee that the interpretation of an insurance policy is a question of law for the Court. *Adelman v. State Farm Mutual Auto. Ins. Co.*, 255 Pa.Super. 116, 386 A.2d 535, 538 (1978). Having so stated, we note that "where ... the language of [a] ... contract [of insurance] is clear and unambiguous, a court is required to give effect to that language." *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 306, 469 A.2d 563, 566 (1983).

As mentioned previously, the insurance policy issued by the appellee restricted its payment of ADB to Crupie and his relatives. The appellant, unable to overcome the obvious clear and unambiguous language relating to the payment of ADB, argues that the Motor Vehicle Financial Responsibility Law allows for a "pedestrian", like the decedent, to recover ADB notwithstanding language to the contrary in the policy of insurance. We disagree.

█ The Motor Vehicle Financial Responsibility Law calls for those benefits which must ("shall") be included in coverage by an insurance company operating in this Commonwealth, i.e., Section 1711, titled "Required benefits", reads:

58

An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, registered and operated in this Commonwealth, shall include coverage providing a medical benefit in the amount of $10,000, an income loss benefit up to a monthly maximum of $1,000 up to a maximum benefit of $5,000 and a funeral benefit in the amount of $1,500, as defined in section 1712 (relating to availability of benefits), with respect to injury arising out of the maintenance or use of a motor vehicle. The income loss benefit provided under this section may be expressly waived by the named insured provided the named insured has no expectation of actual income loss due to age, disability or lack of employment history.

The Act of February 12, 1984, P.L. 26, No. 11, § 3, as amended February 12, 1984, P.L. 53, No. 12, § 3, 75 Pa.C. S.A. § 1711 (Supp. 1987–88). We next observe that provisions are made for the allowance of "Optional" benefits to be offered by an insurer to its insured at Section 1712; it reads:

An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, registered and operated in this Commonwealth, shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows:

(1) Medical benefit.—Coverage to provide for reasonable and necessary medical treatment and rehabilitative services, including, but not limited to, hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, licensed physical therapy, nursing services, vocational rehabilitation and occupational ther-

apy, speech pathology and audiology, optometric services, medications, medical supplies and prosthetic devices, all without limitation as to time, provided that, within 18 months from the date of the accident causing injury, it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the injury. Benefits under this paragraph may include any nonmedical remedial care and treatment rendered in accordance with recognized religious method of healing.

(2) Income loss benefit.—Includes the following:

(i) Eighty percent of actual loss of income.

(ii) Reasonable expenses actually incurred for hiring a substitute to perform self-employed services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income.

Income loss does not include loss of expected income for any period following the death of an individual or expenses incurred for services performed following the death of an individual. Income loss shall not commence until five working days have been lost after the date of the accident.

(3) Accidental death benefit.—A death benefit paid to the personal representative of the insured, should injury resulting from a motor vehicle accident cause death within 24 months from the date of the accident.

(4) Funeral benefit.—Expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of a deceased individual, incurred as a result of the death of the individual as a result of the accident and within 24 months from the date of the accident.

(5) Combination benefit.—A combination of benefits described in paragraphs (1) through (4) as an alternative to the separate purchase of those benefits.

The Act of February 12, 1984, P.L. 26, No. 11, § 3, as amended February 12, 1984, P.L. 53, No. 12, § 3, 75 Pa.C.S.A. § 1712 (Supp.1987–88).

When one aligns Sections 1711 and 1712, it becomes obvious that an insurer need only offer an insured the availability of ADB if he/she wishes such coverage. It is not mandated by statute that ADB be included in all policies sold in Pennsylvania. What we garner from this dichotomy, between mandatory and optional benefits, is the flexibility afforded the insurer to formulate a policy of insurance which limits its exposure to liability by restricting those who may recover "benefits" against it.

In other words, the insured (under Section 1712) must be given the opportunity to avail himself of "first party benefits", which merely adds ADB to the list of benefits required to be included in a policy of insurance by Section 1711. However, albeit the Legislature accords "a person who is not an occupant of a motor vehicle" the right to recover "first party benefits" from "the policy of any motor vehicle involved in the accident", it is conditioned upon the injured person seeking "first party benefits against *applicable* insurance coverage." 75 Pa.C.S.A. § 1713(a) (Supp. 1987–88) (Emphasis added).

We interpret the preceding to mean, giving the statute a reading which gives effect to each provision (1 Pa.C.S. § 1921), that the insurance policy under which an injured party seeks to recoup ADB must have him/her listed as a party-beneficiary. Otherwise, absent such language in the policy, one cannot argue that the insurance document has coverage "applicable" to the injured party. See Section 1713(a).

At bar, as was stated supra, the policy sold to Crupie listed only him and his relatives as eligible candidates for recovery of ADB. We do not find this to be violative of the Motor Vehicle Financial Responsibility Law since ADB is defined as:

A death benefit paid to the *personal representative of the insured,* should injury resulting from a motor vehicle accident cause death within 24 months from the date of the accident.

75 Pa.C.S.A. § 1712(3) (Supp.1987–88) (Emphasis added). As noted by the court below on this point:

Plaintiff, although a personal representative, [sic] is not a personal representative of the *insured.*

Moreover, when the legislature intended broader coverage, it well knew how to provide for it. In the very next subsection, § 1712(4), the language refers not to the personal representative of the insured, but to a "deceased individual".

"(4) Funeral benefit.

Expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of a *deceased individual....*"

Not only would Plaintiff's argument contravene accepted principles of statutory construction, but it would eliminate the carefully crafted distinction between required benefits in § 1711 and optional benefits in § 1712. For if § 1713 mandates payment of accidental death benefits in all cases, then such benefits are no longer optional.

(Lower Court Opinion at 3) (Emphasis in original)

We do not take odds with the analysis utilized by the court below; in fact, we embrace it by affirming the order granting summary judgment in favor of the defendant.

Judgment affirmed.