## Toner v. Nationwide Insurance Co.

*Dale E. Anstine,* for plaintiff.
*Donald R. Dorer,* for defendant.

SPICER, *P.J.,* August 13, 1991—We are called upon to construe provisions of the Motor Vehicle Financial Responsibility Law, specifically 75 Pa.C.S. §§1712 and 1715. The former requires carriers to offer insurance coverage in four discrete categories: medical, income loss, accidental death benefits and funeral benefits. Section 1712 authorizes carriers to offer "[a] combination of benefits described in paragraphs (1) through (4) as an alternative to the separate purchase of those benefits."

Section 1715 deals with mandatory limits of coverage. Medical benefits are classified as general and extraordinary. Ordinary benefits must total at least $100,000 and extraordinary from $100,000 to $1,100,000. Income loss has a floor of $50,000, death benefits, $25,000. Funeral expenses are set in the flat sum of $2,500.

If one adds the minimum coverages and established figures (funeral, for example), while ignoring extraordinary medical coverage, one arrives at a total of $177,500. That is precisely the figure provided in the combination subsection 1715(a)(5). Death and funeral benefits are the only two classes retaining a limitation under this particular subsection.

The wrinkle is that the first section (1712) requires carriers to pay medical expenses "without limitation as to time" if the probability of such expenses is established within 18 months of the time of the accident. Section 1712(1). The second section provides for payment "in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first." Section

1715(a)(5). Aggregate, again, means a minimum amount of $177,500.

Thus, one part of the law requires payments up to $100,000, minimum, over whatever period of time necessary to exhaust that amount. Another section requires payment of an aggregate within three years. The section does not explain and no cases have construed what "aggregate" means. We assume that all coverage amounts are added, even funeral and wage loss, thereby making all minimums available for medical expenses. This would mean that, as in plaintiff's case, where no wage loss, death or funeral benefits are claimed, the entire aggregate is available. Since the policy under consideration has coverage of $277,500, medical coverage would be in that amount.

In the case before us, plaintiff was injured in an accident on August 5, 1986. She has continued to require medication. Had she purchased the four types of coverage, it is clear that defendant would be required to continue paying for her medicine until she exhausted her limits. Since her policy had an aggregate limit of $277,500 and defendant has paid bills totalling only $9,000, we can assume that defendant would be paying those bills for a substantial period of time.

Plaintiff, however, elected the alternative combination coverage. The carrier declined to pay any expenses incurred after three years.

The policy clearly justifies defendant's position. Option 5 of the document attached to the complaint as exhibit B, provides, in part:

"However, total benefits under this option are limited to:

"(a) The aggregate limit shown on the declarations for this option: or

"(b) Three years from the date of this accident; whichever occurs first."

Conceding that defendant's decision is supported by statutory language, plaintiff strives to convince the court to interpret the law so as to expunge the policy's time limitation from medical coverage.

In dealing with a motion for judgment on the pleadings, the court is limited to considering pleadings and other documents properly before the court. In this case, all such documents are part of the pleadings. A portion of the policy is attached to the complaint as exhibit B.

We think that the issue presented can be appropriately handled through defendant's motion. Contract construction, including ascertainment of time limitations, as well as statutory interpretation are proper judicial exercises and appropriate for judgment on the pleadings. *Lyons v. Nationwide Insurance Co.,* 390 Pa. Super. 25, 567 A.2d 1100 (1989); *Duffy v. Nationwide Insurance Co.,* 374 Pa. Super. 55, 542 A.2d 144 (1988).

Both the policy and statute must be read as a whole. If possible, effect will be given to all provisions. *Hunyady v. Aetna Life & Casualty,* 396 Pa. Super. 476, 578 A.2d 1312 (1990); *Hackenberg v. Southeastern Pennsylvania Transportation Authority,* 526 Pa. 358, 586 A.2d 879 (1991). In pursuing the intent of the legislature the court cannot ignore clear language in the pretext of pursuing the spirit of the law. *Commonwealth, Dept. of Transportation v. Empfield,* 526 Pa. Super. 220, 585 A.2d 442 (1991). We are also reminded that the legislature is presumed not to have intended an absurd result. *Commonwealth v. Lurie,* 524 Pa. 56, 569 A.2d 329 (1990). See also, 1 Pa.C.S. §1921.

Plaintiff's argument comes down to (1) the statute must be read liberally, (2) public policy constrains

us to ignore the time limitation, and (3) the insurance policy must reflect the statute.

We have no problem with the third assertion. If, indeed, the statute is interpreted as requiring medical payments without regard to time, any policy provision in contravention thereof will be ignored.

However, as sympathetic as we are to plaintiff's plea, we have great difficulty in overcoming the hurdles of clear statutory language. Although appellate decisions occasionally apply principles of public policy to insurance cases, *Donegal Mutual Insurance Co. v. Long,* 387 Pa. Super. 574, 564 A.2d 937 (1989), cases generally deal with statutory and policy construction. See cases *supra.* Furthermore, the Superior Court has said that the Motor Vehicle Financial Responsibility Law, *supra,* reflects a legislative purpose of restricting, not expanding, first-party benefits. *Huber v. Erie Insurance Exchange,* 402 Pa. Super. 443, 587 A.2d 333 (1991).

Thus, even though the statute is to be liberally construed, 1 Pa.C.S. §1978(c), we cannot ignore specific language. 1 Pa.C.S. §1921.

We have no idea why the legislature placed a time limit in one section while specifically excluding it from another. It may be our so long considered customer benefits, such as the increased benefits in a particular case and possibly cheaper rates in limiting the combination provision, section 1715(5). The mere fact that we may not agree with legislative logic does not mean that the result is absurd and does not authorize us to tinker with either the act or the policy.

We feel we have little choice except to grant the carrier's motion.

## ORDER OF COURT

And now, August 13, 1991, judgment on the pleadings is granted in favor of defendant and against plaintiff.