J-A26019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN MCGRATH, NANCY ZIHALA-MCGRATH, MARTIN BURRIDGE D/B/A BURRIDGE TENT RENTALS AND MARTIN BURRIDGE, INDIVIDUALLY, | |
| Appellants | No. 355 MDA 2015 |

Appeal from the Order Entered January 27, 2015
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 2013-CV-8099

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED DECEMBER 18, 2015**

Appellants, Warren McGrath and his wife, Nancy Zihala-McGrath, appeal from the order denying their motion for summary judgment against Appellee, Maryland Casualty Company, and, in a related case, from the order granting summary judgment in favor of Appellee. We affirm on the basis of the trial court opinion.

This is the second of two companion cases, which were listed consecutively. The same parties are involved and the issues are similar. To the extent possible, both of our decisions are identical.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court filed one opinion which applies to both cases. (**See** Trial Court Opinion, 1/27/15, at 1-10). In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here.

For context and the convenience of the reader we note briefly that the over-arching issue in both cases is the McGraths' claim for coverage by Maryland Casualty for their injuries from a motor vehicle accident involving Martin Burridge, doing business as Burridge Tent Rental[s] (Burridge). As the name suggests, Burridge operated a seasonal rental business which provided tents, tables and chairs for outdoor activities, which he transported in his pick-up truck. Burridge's business was insured under a commercial general liability policy (CGL) issued by Appellee Maryland Casualty.[1]

On the day of the accident, Burridge's load of tables and chairs became unfastened from the tie-down straps and fell onto the roadway. Warren McGrath was operating his motorcycle in the opposite direction when he collided with a chair which had fallen off Burridge's truck. His motorcycle flipped, he was thrown, and he alleges he suffered multiple serious injuries.

The McGraths filed a complaint against Burridge. They argued *inter alia*, that Burridge improperly secured the load, and transported it in a

---

[1] The actual policy was apparently underwritten by Zurich North America Small Business, an affiliate of Zurich Insurance Group Ltd., commonly known as Zurich. Zurich is not a party to these appeals.

negligent manner, failing to warn, and failing to remove the obstructions from the roadway.

Appellee Maryland Casualty maintained that it had no duty to defend or indemnify Burridge against a claim for damages arising out of a motor vehicle accident because all claims fell within the auto exclusion of Burridge's CGL policy. The auto exclusion is defined to include loading and unloading of a vehicle.

Maryland Casualty Company filed an amended complaint against the McGraths and Burridge, seeking a declaratory judgment that it did not have a duty to defend or indemnify Burridge for the liability alleged in the McGraths' complaint against Burridge. Eventually, the parties cross-filed motions for summary judgment. The trial court entered declaratory judgment in favor of Maryland Casualty. This appeal followed.

The four overlapping questions raised in both of Appellants' briefs are identical:

> 1. Whether genuine issues of material fact exist such that a grant of [s]ummary [j]udgment in favor of [Appellee] Maryland Casualty is inappropriate?
>
> 2. Whether the allegations set forth in the underlying [a]mended [c]omplaint fell within the [a]uto [e]xclusion of the [Appellee] Maryland Casualty [p]olicy?
>
> 3. Whether [Appellee] Maryland Casualty does not have a duty to defend or indemnify their insured Martin Burridge d/b/a Burridge Tent Rentals or [Appellee] Martin Burridge, individually?
>
> 4. Whether the record supported the [trial c]ourt's conclusions that [the a]uto [e]xclusion of the Maryland Casualty

> [p]olicy is applicable based upon the facts of record and the reasonable expectations of the insured?

(Appellants' Brief, at 5).[2]

The McGraths argue from Burridge's deposition that Burridge had a reasonable expectation of coverage. On appeal they now maintain that the representations of Maryland Casualty, Burridge's expectation of coverage, and the reasonableness of his expectation are issues of fact precluding summary judgment (their own cross-motion for summary judgment notwithstanding). (*See* Appellants' Brief, at 41). We disagree.

> Initially, we note our standard of review of a trial court's decision in a declaratory judgment action is narrow. Because declaratory judgment actions arise in equity, we will set aside the judgment of the trial court only where it is not supported by adequate evidence. The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence.

***Nationwide Mut. Ins. Co. v. Cummings***, 652 A.2d 1338, 1340-41 (Pa. Super. 1994), *appeal denied*, 659 A.2d 988 (Pa. 1995) (citations omitted).

> Summary judgment may be granted only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1)[.] In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The scope of review of an order granting summary judgment is plenary. The standard of review

---

[2] Burridge filed a joinder, pursuant to Pennsylvania Rule of Appellate Procedure 2137, joining in all briefs filed by or on behalf of the McGraths.

provides we reverse the trial court's order only where the court committed an error of law or clearly abused its discretion. To the extent the issues before us are questions of law, our standard of review is *de novo*; thus, we need not defer to the lower court's determinations.

***Belden & Blake Corp. v. Commonwealth***, 969 A.2d 528, 531 (Pa. 2009)

(case citations and quotation marks omitted).

[T]he interpretation of an insurance policy is a question of law for the Court. Having so stated, we note that "where . . . the language of [a] . . . contract [of insurance] is clear and unambiguous, a court is required to give effect to that language." ***Standard Venetian Blind Co. v. American Empire Ins. Co.***, 503 Pa. 300, 469 A.2d 563, 566 (1983).

***Duffy v. Nationwide Ins. Co.***, 542 A.2d 144, 145 (Pa. Super. 1988) (one

citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (***See*** Trial Court Order and Opinion, 1/27/15, at 6-10) (concluding: (1) no genuine issues of material fact existed to preclude summary judgment; (2) the allegations of the underlying complaint fell within the auto exclusion of the policy; (3) Appellee Maryland Casualty does not have a duty to defend or indemnify their insured Martin Burridge d/b/a Burridge Tent Rentals or Martin Burridge, individually based on the plain meaning of the policy's auto exclusion; (4) the auto exclusion of the CGL policy also applies to Appellants' allegations of failure to warn and failure to remove obstacles from the

roadway; and (5) the reasonable expectations doctrine does not apply to protect a commercial insured from the plain meaning of the exclusion in a commercial general liability policy). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015

MARYLAND CASUALTY COMPANY,

                     Plaintiff

vs.

WARREN MCGRATH, NANCY ZIHALA-
MCGRATH, MARTIN BURRIDGE D/B/A
BURRIDGE TENT RENTALS AND
MARTIN BURRIDGE, INDIVIDUALLY,

                     Defendants

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION - LAW

No. 2013-CV-8099

**OPINION**

This matter comes before the Court on the *Motion for Summary Judgment*, filed by Defendants Warren McGrath and Nancy Zihala-McGrath to the Amended Complaint on March 21, 2014 and the *Cross-Motion for Summary Judgment,* filed by Plaintiff Maryland Casualty Company on April 21, 2014. Supporting briefs, responses/opposing briefs have been filed by the parties to the aforesaid motions. Oral argument on the aforesaid motions having been conducted on August 20, 2014, this opinion follows.

***Procedural History***

Plaintiff commenced the above-referenced action on or about July 8, 2013 by filing a Praecipe for Writ of Summons against Defendants. A Complaint was filed on August 20, 2013 and an Amended Complaint was filed on February 24, 2014. On March 3, 2014 and March 17, 2014, respectively, Defendants filed Answers with New Matter to aforesaid Amended Complaint. The above-recited procedural history demonstrates that the relevant pleadings are closed and/or that the time for filing a response to the last filed pleading has expired, and



Filing ID: 2006846
2013-08099-0059 Opinion

Luzerne County Civil Records
1/27/2015 11:45:13 AM

therefore that the Cross Motions for Summary Judgment are timely filed and pursued under Pa.R.C.P. 1035.2.

### Procedures Governing Motions for Summary Judgment

Under Pa.R.C.P. 1035.2:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, a party may move for summary judgment in whole or in part as a matter of law
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Hence, a motion for summary judgment is based upon an evidentiary record which entitles the moving party to judgment as a matter of law, and which is one of two types: (1) the record shows the material facts are undisputed, and hence no issue exists to be submitted to a jury, or (2) the record contains insufficient evidence of facts to make out a prima facie cause of action or defense, and hence there is no issue to submit to a jury. In the latter instance, the motion for summary judgment is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record, which affirmatively supports the motion.

The burden of responding to a motion for summary judgment is set forth in Pa.R.C.P. 1035.3:

> (a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

2

(1) one or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense, which the motion cites as not having been produced.

In responding to a motion for summary judgment, an adverse party under Pa.R.C.P. 1035.2(b) "may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." In resolving a motion for summary judgment, the court under Pa.R.C.P. 1035.2(c) "may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such order as is just."

Finally, under Pa.R.C.P. 1035.3(d), the court is permitted to enter summary judgment against a party who does not respond.

### Resolution of Motion for Summary Judgment

The issue in the instant matter is whether under the relevant Maryland Casualty Company commercial general liability insurance policy, which was issued to Martin Burridge DBA Burridge Tent Rentals ("Insured"), Maryland Casualty has a duty to defend or indemnify the Insured in the underlying action filed against the Insured by Warrant McGrath and Nancy Zihala McGrath ("McGrath") to Luzerne County Docket Number 10269 of 2012. Specifically, the question before this Court is whether the underlying action only alleges bodily injury arising out of the ownership, maintenance and/or use of a motor vehicle.

3

From a review of the policy at issue and the relevant precedent, the Court finds the underlying action so alleges and as a result, Maryland Casualty does not have a duty to defend or indemnify in this case for the reasons discussed herein.

Although the factual and procedural history is well known to the parties, a brief summary of the facts remains necessary. On August 17, 2011, Defendant Warren McGrath was riding his motorcycle on Hillside Road in Jackson Township, Pennsylvania. At the same time and place, Defendant Martin Burridge, in the course and scope of his agency and/or employment with Defendant Burridge Tent Rentals, in the opposite lane of travel of Defendant Warren McGrath, was transporting at least 70 folding chairs and 10 folding tables in the back of his pickup truck as part of the business of Defendant Burridge Tent Rentals. The folding tables were set upright on the left side of the truck bed. Defendant Martin Burridge had stacked the chairs in two horizontal piles of 35 chairs each on the right side of the truck bed, positioning one stack in front of the other.

Defendant Burridge secured this load of chairs and tables by using 2 nylon ratchet-type tie-down straps hooked to the bed of the pickup truck. In the process of transporting the load of chairs and tables to a customer, the road curved to the right and the load of chairs and tables became loose, shifted to the left, and fell from the bed of the pickup truck into the roadway directly into the path of Defendant Warren McGrath, who was traveling in the opposite direction. Defendant Warren McGrath attempted to swerve to avoid the chairs, but the rear

4

tire of his motorcycle hit a chair in the roadway and his motorcycle flipped. He was thrown from the motorcycle and suffered injuries.

At the time Defendant Warren McGrath was injured, Martin Burridge DBA Burridge Tent Rentals ("Insured") was insured by a Maryland Casualty commercial general liability insurance policy ("Policy").[1] In relevant part, the Policy provided:

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   **Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which insurance does not apply. . .

*See, CGLCF* at 1 of 17.

2.   **Exclusions**

g.   ~~Aircraft, Auto or Watercraft~~

'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading'. . . .

---

[1] There are several different types of coverages provided under the Policy. Although the Policy in its entirety is attached as Exhibit "A" to the *Motion for Summary Judgment of Defendants Warren McGrath and Nancy Zihala-McGrath to Amended Complaint*, the Commercial General Liability Coverage Form ("CGLCF"), which consists of 17 numbered pages, contain the provisions of the Policy applicable to the resolution of the instant matter. Citations to this document will be CGLCF at p. __ of 17.

5

*See, Id.* at 2 of 17.

### SECTION V – DEFINITIONS.

2.    'Auto' means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment.  But 'auto' does not include 'mobile equipment'.

\* \* \*

11.    'Loading or unloading' means the handling of property:

    a.    After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or 'auto';

    b.    While it is in or on an aircraft, watercraft or 'auto';

    c.    While it is being moved from an aircraft, watercraft or 'auto' to the place where it is finally delivered;

but 'loading or unloading' does not include the movement of property by means of a mechanical device, other than a hand truck that is not attached to the aircraft, watercraft or 'auto'.

*Id.* at 14-15 of 17.

As noted above, the issue in the instant matter is whether the August 17, 2011 accident falls within the aforesaid "Aircraft, Auto or Watercraft" Exclusions and correspondingly whether there is any duty to defend or indemnify by Maryland Casualty under the Policy.  The interpretation of an insurance contract regarding the existence or non-existence of coverage is "generally performed by the court." *General Accident Insurance Co. of America v. Allen*, 692 A.2d 1089, 1093 (Pa. 1997). "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer.... Where, however, the language of the contract is clear and unambiguous, a court

6

is required to give effect to that language." *Gene & Harvey Builders, Inc. v. Pennsylvania Manufacturers' Association Insurance Company*, 512 Pa. 420, 517 A.2d 910, 913 (1986).

"The underlying complaint fixes the parameters of an insurer's obligation to defend its insured." *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945 (Pa.Super. 1992) *quoting Hartford Mutual Insurance Company v. Moorhead*, 578 A.2d 492, 494-495 (Pa. 1990). The obligation of an insurer to defend an action against the insured is fixed by two considerations: (1) the language of the policy itself and (2) the allegations in the underlying complaint. *See, Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 548 A.2d 246 (Pa. 1988); *Erie Ins. Exchange v. Fidler*, 808 A.2d 587 (Pa.Super. 2002); *Britamco Underwriters, Inc. v. Grzeskiewicz*, 639 A.2d 1208 (Pa.Super. 1994). Therefore, in order to determine whether a claim may potentially come within the coverage of a policy, as required for the insurer to be obligated to defend, a court must first ascertain the scope of insurance coverage and then analyze the allegations in the complaint. *See, Britamco Underwriters, Inc. v. Grzeskiewicz*, 639 A.2d 1208 (Pa.Super. 1994).

~~The duties to defend and indemnify are deemed as separate and distinct:~~ While the duty to defend can "be determined merely on the basis of whether the factual allegations in a complaint potentially state a claim against the insured" such that duty to defend thereby "arises whenever the claims asserted by the injured party potentially come within the coverage of the policy, ... the duty to indemnify arises only when the insured is determined to be liable for damages within the coverage of the policy." *See, Regis Ins. Co. v. All American*

7

*Rathskeller, Inc.*, 976 A.2d 1157, 1161 (Pa.Super. 2009) (*internal citations omitted*). *See also, General Accident Insurance Co. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997). Although an insurer's duty to defend is separate from and broader than the insurer's duty to indemnify, both duties flow from a determination that the underlying complaint triggers coverage. *See, General Accident Ins. Co. of America v. Allen*, 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997).

The above-cited language from the Policy clearly provides that Maryland Casualty does not have a duty to defend or indemnify for bodily injuries that arise out of "use" of an "auto". *See, CGLFC* at 4 of 17. "Use" includes "loading and unloading", which is defined by the Policy to include, but is not limited to, "the handling of property . . . while it is in or on an . . . 'auto'". *See, CGLFC* at 14-15 of 17. As a result, the question before the Court is whether the allegations in the Amended Complaint in the underlying action fall within this definition.

The Amended Complaint in the underlying action alleges that the Insured failed to secure the chairs and tables properly when the same were loaded onto the pickup truck. This alleged failure caused the chairs and tables to fall from the pickup truck, onto the road directly into the path of Defendant Warren McGrath, who was traveling in the opposite direction. Defendant Warren McGrath attempted to swerve to avoid the chairs, but the rear tire of his motorcycle hit a chair in the roadway and his motorcycle flipped. He was thrown from the motorcycle and suffered injuries. This alleged failure to secure the chairs and tables clearly falls within the definition of "loading and unloading", as defined at

8

Section V, Paragraph 11 of the CGLCF, i.e., the alleged negligence involves the handling of property (chairs and tables) while the property is in or on the auto (Insured's pickup truck).

The Amended Complaint in the underlying action also alleges that the Insured is liable for failing to remove an obstruction (i.e., the tables and chairs, which fell from the Insured's pickup truck) on the roadway and/or for failing to warn operators of vehicles on the roadway of the dangerous condition (i.e., the fallen tables and chairs) that the Insured created. The Court must also consider whether these allegations arise out of the "loading or unloading" of the "auto" so as to fall within the Exclusion at issue.

When the words "arising out of" the use of an automobile in an insurance exclusion clause, as is found in the Policy, "it must be concluded that this clause acts to exclude only those injuries which are proximately caused by the automobile" (or, with respect to the specific provision of the Policy, the handling of property while it is in or on the automobile.) *See, Eichelberger v. Warner*, 434 A.2d 747, 752 (Pa.Super. 1981). "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa.Super. 2005).

The record is clear that the substantial factor in bringing about the harm to Defendant Warren McGrath was the Insured's alleged failure to secure the chairs and tables properly when the same were loaded onto the pickup truck. This alleged failure clearly was the substantial factor that caused the obstruction which the Insured failed to remove and the dangerous condition of which the

9

Insured failed to warn. As a result, these allegations likewise fall within the exclusion provision at issue in the policy as the bodily injury is alleged to have arisen out of the handling of property while said property is in or on the automobile.[2]

Accordingly, the allegations set for in the underlying Amended Complaint fall entirely with the Auto Exclusion in the Maryland Casually Policy, and we enter the following

End of Decision

Order on Separate Page

---

[2] In addition, Defendants argue that the reasonable expectation of the Insured is that the Policy would provide coverage of the bodily injury. However, the reasonable expectations doctrine is applied in very limited circumstances. *Madison Construction Co. v. Harleysville Mutual Ins. Co.*, 735 A.2d 100, 109 n.8 (Pa.1999). It has only been applied to protect non-commercial insureds from policy terms not readily apparent and/or to protect non-commercial insureds from deception. *See, Collister v. Nationwide Life Ins. Co.*, 388 A.2d 1346 (Pa. 1978) (applying doctrine to protect non-commercial insured from policy terms not readily apparent); *Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 521 A.2d 920 (Pa. 1987) (applying doctrine to protect non-commercial insured from deception). Since the Court has not found any ambiguity in the terms of the Policy and there is no evidence of record to support any allegation of deception or even a representation by Plaintiff or its agents, the reasonable expectation doctrine does not apply in this case.

MARYLAND CASUALTY COMPANY,

                 Plaintiff

vs.

WARREN MCGRATH, NANCY ZIHALA-MCGRATH, MARTIN BURRIDGE D/B/A BURRIDGE TENT RENTALS AND MARTIN BURRIDGE, INDIVIDUALLY,

                 Defendants

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY

CIVIL ACTION - LAW

No. 2013-CV-8099

## ORDER

Now, this 27th day of January, 2015, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

(1) *The Motion for Summary Judgment*, filed by Defendants Warren McGrath and Nancy Zihala-McGrath to Amended Complaint, on March 21, 2014, is hereby **DENIED** for the reasons set forth in the attached opinion.

(2) *The Cross-Motion for Summary Judgment*, filed by Maryland Casualty Company, on April 21, 2014, is hereby **GRANTED** for the reasons set forth in the attached opinion.

(3) Declaratory Judgment is hereby entered in favor of Plaintiff Maryland Casualty Company declaring that the allegations set forth in the underlying Amended Complaint fall entirely with the Auto Exclusion in the Maryland Casualty Policy, and that the applicability of this exclusion is sufficient to bar coverage for the claim arising out of the underlying action. Plaintiff Maryland Casualty Company, therefore, has no duty to defend or indemnify Defendants Martin Burridge d/b/a Burridge Tent Rentals or Defendant Martin Burridge

11

Filing ID: 2006845
2013-08099-0058 Order with Rule 236

Luzerne County Civil Records
1/27/2015 11:44:56 AM

individually, for or against the allegations and damages set forth in the Luzerne County action, docketed at Luzerne County Docket No, 10269-2012.

(4) The Prothonotary is directed to enter this Order of record, and to mail a copy of this Order to all counsel of record pursuant to Pa.R.C.P. 236.

By the Court:

_____
Thomas F. Burke Jr.
J.

**Counsel:**

Brigid Q. Alford, Esquire
100 Corporate Center Drive, Suite 201
Camp Hill, Pa 17011

Julia Munley, Esquire
227 Penn Avenue
Scranton, PA 18503

Daniel E. Cummings, Esquire
700 Electric Building
507 Linden Street
Scranton, PA 18503

12